THE PEOPLE ex rel. WILLIAM H. STINER, Appellants, *v.*
RICHARD J. MORRISON. Respondent.

The provision of the excise law of 1870 (§ 2, chap. 175, Laws of 1870), pro-
viding for the appointment of commissioners of excise, and prescribing
their term of office, was not repealed or superseded as far as it relates
to the city of New York by the provision of the charter of that city,
of 1873 (§ 25, chap. 335, Laws of 1873), providing for the appointment
of city officers, and fixing their term of office. It was not the inten-
tion of the Legislature in passing the charter to interfere with the gen-
eral system established by the excise laws, or to place said city upon any
different footing from that of the other cities of the State.

The fact that the Legislature, subsequent to the passage of said charter,
amended the said provision of the excise law so far as applicable to said
city (chap. 549, Laws of 1873; chap. 642, Laws of 1874), is clearly indi-
cative that the Legislature regarded said provision as still in force and
applicable to said city, and is sufficient to control the general words of
the charter.

Accordingly *held*, that, after the passage of said charter, appointments of
commissioners were properly made under the act of 1870.

(Argued June 9, 1879; decided September 16, 1879.)

APPEAL from judgment of the General Term of the
Supreme Court, in the first judicial department, in favor of
defendant, entered upon an order overruling exceptions and
directing judgment on a verdict; the exceptions having been
ordered to be heard at first instance at Special Term.

This action was in the nature of a *quo warranto*, brought
to determine the title to the office of commissioners of excise
in the city of New York.

The facts appear sufficiently in the opinion.

*George Bliss*, for appellant. The charter of 1873 super-
seded the law of 1870, as to the appointment and terms of
office of the excise commissioners. (Laws 1873, chap. 335,
§§ 25, 117.) The excise commissioners are local officers.
(Acts of 1801 and 1802; Laws 1824, chap. 215; Laws 1825,
chap. 196; Charter of 1853; *Board of Excise* v. *Garling-*

*house*, 45 N. Y., 249, 251; *People* v. *Smith*, 68 id., 175, 181; Laws 1874, chap. 642.)

*Burton N. Harrison*, for respondent.

Rapallo, J.   The main question in this case is whether after the passage of the charter of the city of New York, of 1873 (Laws of 1873, chap. 335, passed April 30, 1873), the tenure of office of commissioners of excise in that city was regulated by the provisions of that act, or whether, in regard to those officers, the act of 1870 (Laws of 1870, chap. 175), continued in force.   It is conceded that in the latter event the relator has no claim.

The act of 1870, chapter 175, is entitled "an act regulating the sale of intoxicating liquors," and provides for a a board of commissioners of excise in each of the cities, incorporated villages and towns in this State.   Section two enacts that the mayor of each of the cities, except in the cities of New York and Brooklyn shall appoint the commissioners, within ten days after the passage of the act, but that in the cities of New York and Brooklyn the mayor shall nominate three good and responsible citizens to the board of aldermen, who shall confirm or reject such nominations. That " commissioners of excise in cities shall hold their offices for three years and until others shall be appointed in their places, and shall receive a salary not to exceed twenty-five hundred dollars a year, to be fixed by the mayor and common council of their respective cities, and shall be paid as other city officers are paid.   On the first Monday of April in every third year thereafter the mayor and board of aldermen shall proceed to appoint in the manner above described, persons qualified as aforesaid, to be such commissioners of excise in their respective cities for the next three years commencing on the first day of May in that year, and shall from time to time as often as vacancies shall occur, appoint persons qualified as aforesaid to fill the unexpired term of any commissioners who shall die, resign, remove from the city or be

removed from office. Such commissioners of excise in cities, shall be removed for any neglect or malfeasance in office in the same manner as provided by law for the removal of sheriffs."

The act then proceeds to declare the times of meeting and duties of these commissioners and provides a complete system for the qualification, appointment, tenure of office, compensation and functions of these particular officers throughout the State, in cities as well as in towns and villages, and forms part of the excise system of the State.

By the act of 1873, chapter 335, entitled "an act to reorganize the local government of the city of New York," passed April 30, 1873, section twenty-five, it is provided that the mayor shall nominate, and, by and with the consent of the board of aldermen, appoint, the heads of departments and all commissioners (with certain specified exceptions) and all members of any board or commission for the erection or repair of buildings, " and also members of any other local board, and all other officers not elected by the people, including the commissioner of jurors, whose appointment is not in this act excepted or otherwise provided for. Every head of department and person in this section named, except as herein otherwise provided, shall hold his office for the term of six years, and in each case until a person is duly appointed in his place."

The relator now claims that this section includes commissioners of excise and repeals or supersedes the provision of the act of 1870, which regulates their appointment and limits their term of office to three years, and that all commissioners appointed after April 30, 1873, in the city of New York are entitled to a term of six years.

Such however was not the construction put upon the act by the public authorities at the time of the relator's appointment, nor by the relator himself, as it appears, until long after the expiration of the term for which he was appointed, and the appointment of his successor. On the 7th of April, 1873, three commissioners were appointed under the act of 1870, which was confessedly then in force, for a term of

three years from May 1, 1873. On the 5th of November, 1874, one of these commissioners having resigned, the relator was appointed, in form under the act of 1870, to serve during the unexpired term of his predecessor, which ended May 1, 1876, and he accepted the appointment in that form. In April, 1876, the mayor and aldermen, assuming the subject to be still regulated by the act of 1870 and not by the charter, appointed three new commissioners, their appointments being expressed as made under the act of 1870 and for the term of three years from May 1, 1876. Neither the relator nor either of his co-commissioners made any objection to this proceeding, and it is conceded that all parties supposed that the act of 1870 continued in force as to the city of New York. The relator accordingly vacated his office without objection and expressly recognized his successor as such.

Three successive mayors, Havemeyer, Wickham and Ely, in 1874, 1876 and 1878, acted upon this construction and made their nominations for commissioners of excise expressly under the act of 1870, and these nominations were acted upon by the board of aldermen and it does not appear to have been questioned that that act of 1870 was still in force and regulated the appointment and tenure of office of these commissioners until the case of *Morton* v. *The Mayor*, which was decided in November, 1878, in which it was held at Special Term in the Superior Court of the city of New York that the charter of 1873, section 25, included commissioners of excise and superseded the provisions of the act of 1870 respecting their tenure of office and the manner of their removal.

On the strength of that decision it appears that this action was brought in December, 1878, the relator claiming that notwithstanding that he had been appointed for three years only, and had surrendered his office at the expiration of that term in 1876, he was entitled under the charter to a term of six years, part of which was still unexpired.

After a careful examination of the statutes of 1870 and 1873, and the cotemporaneous and subsequent legislation upon the subject we are satisfied that it was not the intention

of the Legislature that the charter of 1873 should affect the office of commissioner of excise, and that the view acted upon by the public authorities from 1873 to 1878 was correct. It may be conceded that the language of sections 25 and 117 of the charter is sufficiently comprehensive to embrace commissioners of excise, but on looking at the other portions of the charter, in connection with chapter 549 of the Laws of 1873, and chapter 642 of the Laws of 1874, we think it appears quite clearly that it was not the intention of the Legislature to interfere with the general system established by the act of 1870 in regard to these officers nor to place the city of New York upon any different footing from that of the other cities in the State.

It is to be observed that no express reference is made in any part of the charter of 1873 to commissioners or the board of commissioners of excise; nor is the subject of the excise laws dealt with in that act. It relates to the organization of the local government of the city, and establishes different departments for that purpose. Provision is made for the compensation of the heads of departments and their subordinates, but none is made for that of commissioners of excise, and they can receive none, unless the act of 1870 remains in force as to the city of New York. A very clear indication that the Legislature did not intend to supersede that act, or to change the term of office thereby fixed for commissioners of excise, and did not suppose that they had done so, is to be found in chapter 549 of the Laws of 1873, passed at the same session as the charter, and a few days later, whereby the very sentence in the act of 1870, which declares that commissioners of excise in cities shall hold their offices for three years, and shall be paid as other city officers are paid, is amended, by adding after the word "paid": " Provided that, in the city of New York, the commissioners of excise shall receive a salary not to exceed five thousand dollars a year each, to be fixed by the board of estimate and apportionment of said city," etc., etc. If the Legislature understood that the act of 1870 was not in force in the city

of New York, but had been superseded as to the city of New York by the charter, this provision would certainly not have been made by amending the repealed or superseded act, but its appropriate place would have been in the section of the charter which provides for the compensation of those holding office under that act. Making special provision for the compensation of commissioners of excise in the city of New York by amending the act of 1870, and the very clause in that act which regulates the tenure of office of such commissioners, plainly shows that they were regarded as holding office under that act, and not under the charter.

By chapter 642 of the Laws of 1874 the amendatory act last referred to is amended by inserting further provisions relative to excise commissioners in the city of New York.

These acts of the Legislature, especially that passed in 1873, at the same session as the charter, and on a subsequent day, amending the provision alleged to be superseded by the charter, clearly show that the Legislature regarded the original provision of the act of 1870 as still in force and applicable to the city of New York, and are sufficient to control the general language of the charter. In *Smith* v. *People* (47 N. Y., 330, 339), it was held that where an entire act had been in express terms repealed by its title, and afterwards, at the same session, an act was passed which indicated that the Legislature assumed that certain provisions of the repealed act ·were still in force, even the express general words of repeal were controlled and qualified by this evidence of the intention of the Legislature not to repeal the particular provisions in question. A much stronger case is presented here, where there is no express repeal, and where the very provision claimed to be impliedly repealed or superseded is afterwards amended.

The reasons upon which the doctrine of *Smith* v. *People* (47 N. Y., 330) is founded are so fully set forth by Allen, J., in his opinion in that case, that it would be superfluous to repeat them here. On reference to that opinion it will be found eminently applicable to the case now before us.

The conclusion we have reached, that the act of 1870 was not superseded as to the city of New York by the charter of 1873, and that after the passage of that charter appointments of commissioners of excise were properly made under the act of 1870, disposes of the right of the respondent as well as that of the relator to the office in question, and leads to an affirmance of the judgment appealed from.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.