EDWARD GABEL and HELEN L. GABEL, Petitioners, *v.* LOUIS WIL-
LIAMS and GEORGE SCOTT, Defendants.

(County Court, Oneida County, December, 1902.)

Tax — Oneida county — L. 1902, ch. 559; L. 1896, ch. 908, §§ 134,
138 — Statutory construction.

Sections 134 and 138 of the Tax Law of 1896, requiring a pur-
chaser of lands at a tax sale, not redeemed therefrom, to serve, in
order to complete his title, a written notice to redeem upon any
occupant or mortgagee of the lands, were not impliedly repealed as
to Oneida county by L. 1902, ch. 559, a special act as to taxes in
that county, and therefore where there has been no compliance
with these sections of the Tax Law at a sale had in that county
the purchaser cannot dispossess the occupant or a mortgagee in
possession.

Where a special act declares that certain articles of the Tax Law,
except certain enumerated sections, shall not apply to a county, the
sections excepted are deemed to be embodied in the special act and
they apply to the county.

Where the special act prescribes a notice to redeem published by
the county treasurer and the Tax Law a written notice, with per-
sonal or mail service, the Tax Law governs redemption as being, of
the two conflicting provisions, the one more just to the rights of all
parties in interest.

Said sections 134 and 138, although in words applying only to a
sale made by the State Comptroller, apply also to a sale made by the
county treasurer for State and county taxes.

THIS is a summary proceeding for the removal of defendants,
pursuant to section 7 of chapter 559 of the Laws of 1902. Peti-
tioners claim to be the owners of the premises in question by
reason of having purchased them at a tax sale and by having per-
fected their title thereto. Defendant Louis Williams is a tenant
occupying said premises, and defendant George Scott claims to be
a mortgagee in possession. The respective parties have submitted
their rights to this court for decision upon the following written
stipulation of facts:

" ONEIDA COUNTY COURT.

" EDWARD GABEL and HELEN L. GABEL,
           " *Petitioners,*

      " *v.*

" LOUIS WILLIAMS and GEORGE SCOTT,
           " *Defendants.*

" The parties hereto hereby stipulate by their respective attorneys that for the purposes of the trial of this action the following facts are admitted:

" That Daniel Waterman is and has been, since 1881, the owner of a certain house and premises known as No. 73 Broadway in the city of Utica, Oneida county, New York. That thereafter he leased said premises to Louis Williams, one of the defendants herein, who is, and has been for several years last past in possession of said premises.

" That the county and State taxes for the year 1900 were regularly levied upon said premises.

" That said taxes were not paid, and the county treasurer of Oneida county thereafter regularly advertised said premises for sale for said taxes.

" That on the 10th day of October, 1901, said county treasurer duly sold the same to Edward Gabel, one of the petitioners herein, for the sum of $25.73, and issued to him a certificate therefor, as provided by chapter 559, Laws of 1902.

" That on the 24th day of October, 1902, said county treasurer of Oneida county executed to Edward Gabel, one of the plaintiffs herein, a conveyance of the real estate so sold for said taxes, a copy of which is hereto annexed, which conveyance was recorded in Oneida county clerk's office on the 30th day of October, 1902. That said Edward Gabel afterward conveyed to the petitioner, Helen L. Gabel, an undivided half interest in said property.

" That said county treasurer within the three months immediately preceding the expiration of the time allowed to redeem said premises, caused a notice to be published once in each week for three weeks successively, the last publication being at least twenty days before the expiration of the time to redeem, in each of the newspapers designated by the board of supervisors of said county, for the publication of the Session Laws, a description of

said premises sold for taxes and unredeemed, specifying the amount necessary to redeem the same, calculated to the last day in which such redemption could be made and stating that unless such lands were redeemed by a specified day, they would be conveyed to the purchaser, and also published the same notice in a newspaper published in the city of Utica. Following is a copy of the notice published:

" '(Explanation: Bk. signifies book; Mp. map; Blk, Block; Ft. feet).

| " ' Name. | Bk. | Mp. | Blk. | Lot. | Ft. front. |
|-----------|-----|-----|------|------|-----------|
| " ' Waterman, Dan'l, | | | | | |
| " ' 73 Broadway. | 3 | 21 | 4 | 18 | 50 ' |

" That no other, further or different notice of the expiration of the time to redeem has been published, served upon, or given to any person whatever. That there is a mortgage upon said premises held by George Scott, of Utica, New York. That the city of Utica purchased said premises at a tax sale for city taxes for the years 1896–97 and 1898, and duly filed in the Oneida county clerk's office a certificate of sale therefor, but took no other steps to perfect its title.

" That after said sale for said taxes and prior to the commencement of this action, default was made in the payment of the said mortgage to said George Scott, and possession given to him under the terms of said mortgage. That said Williams thereupon entered into an agreement with said Scott and is now in possession under the mortgage.

" That no personal notice to redeem was served upon the owner, occupant or mortgagee, as required by the Tax Law, and said mortgagee claims the right to possession under the terms of his mortgage and the right to redeem, and that the lien of said mortgage is not destroyed. That the occupant and mortgagee claim no sufficient or proper notice of sale or redemption was ever published describing said property.

" That chapter 559, Laws of 1902, is admitted in evidence and a part of this stipulation.

" The defendant Louis Williams claims the right to the possession of said premises under his lease with said Waterman, and under the agreement made with the mortgagee, upon the ground that plaintiffs have failed to serve upon either the owner, occupant

or mortgagee, a personal notice to redeem, as required by the Tax Law, and that the time to redeem has not yet expired.

" Plaintiffs claim ownership of said premises, in fee simple, freed from the lien of said mortgage and the immediate right to possession thereof by virtue of the deed given October 24, 1902, by the county treasurer of Oneida county, under chapter 559, Laws of 1902.

" M. E. ROBINSON,

*"Atty. for Petitioners.*

" E. D. LEE,

*"Atty. for Defendants."*

M. E. Robinson, for petitioners.

E. D. Lee, for defendants.

DUNMORE, J. The main question involved on this hearing is whether or not the purchaser of the property in question at a tax sale was required to serve a personal notice to redeem upon the occupant in possession of the lands pursuant to section 134 of the Tax Law, or upon the mortgagee of the lands, pursuant to section 138 of the Tax Law. No claim is made but that the assessment of the tax and the proceedings leading up to and including the tax sale were regular. But it is asserted on the part of defendants that sections 134 and 138 of the Tax Law are in force and apply to Oneida county and that the failure of petitioners to serve the notice required by those sections renders the deed void. The proceedings to acquire the title to the premises in question were taken pursuant to chapter 559 of the Laws of 1902, which is a special act in relation to the enforcement and collection of taxes in the county of Oneida. Section 6 of that act provides for the publication of the notice of the sale of land for taxes, and the manner of conducting the sale. Section 8 provides that the owner, occupant or any other person may redeem, etc., and also provides that the holder of a mortgage upon real estate sold for taxes who shall redeem the same shall have a lien upon the premises redeemed for the amount so paid with interest from the time of payment in like manner as if it had been included in the mortgage. Section 9 contains the only provision contained in said act in regard to publication or service of a notice to redeem. That section provides that the county treasurer shall, within the three months immediately

preceding the expiration of the time allowed for the redemption of lands sold by him for taxes, cause a notice to be published once in each week for three weeks successively, the last publication to be at least twenty days before the expiration of the time to redeem, in each of the newspapers designated by the board of supervisors of said county to publish the Session Laws, containing a list of the lands in such county sold for taxes and unredeemed, specifying particularly every parcel unredeemed, etc. The act further provides that if neither of said papers is published in the city of Utica, then the county treasurer shall, in addition thereto, publish such list in a newspaper published in the city of Utica. The section further provides that no error or imperfection in said notice, as published, shall in any way affect the sufficiency or validity of such notice or that of any subsequent proceeding or conveyance based thereon. *That no other, further or different notice of the expiration of the time to redeem shall be required to be published, served upon or given to any person whatever.* That in case the property sold is not redeemed, the county treasurer shall execute to the purchaser, his heirs or assigns, a conveyance of the real estate so sold and unredeemed, which shall vest in the grantee an absolute estate in fee, free from all liens, claims and incumbrances of every name and nature whatsoever, subject only to such claims as the State of New York and county of Oneida may have thereon for taxes and other liens.

Section 10 provides the manner of executing the conveyance by the county treasurer and provides that such conveyance shall be presumptive evidence that the sale and all proceedings prior thereto from and including the assessment of the lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto. That after the expiration of two years from the date of such conveyance such presumption shall be conclusive, the sale and conveyance thereof shall become absolute, and the occupant and all others interested in the land be forever barred from all liens upon, claims against, interest in or right or title thereto.

Section 13 contains, among other things not involved on this appeal, the following provision: "All the general laws of this state, in relation to the assessment and collection of taxes, and the sale and redemption of lands sold therefor and not inconsistent

with the provisions of this act, shall, so far as they are applicable, be in force in respect to the assessment and collection of taxes in the county of Oneida."

Section 15 provides as follows: "Articles five, six and seven of the Tax Law, except sections one hundred twenty-one, one hundred twenty-three, one hundred thirty-three to one hundred thirty-nine, inclusive, of article six, and section one hundred fifty-six of article seven, shall not apply to the county of Oneida, and all other acts or parts of acts inconsistent with the provisions of this act shall not apply to the county of Oneida. This act shall apply to the tax sale held in the county of Oneida in the year nineteen hundred one in the same manner as if such sale had been held pursuant to the provisions of this act with such act then in effect. This act shall also apply to any tax sales hereafter held in the county of Oneida."

Section 134 of the Tax Law, which is one of the sections contained within the above exception in section 15 of the Oneida County Law provides for the personal service of a written notice to redeem upon the occupant of lands sold for taxes and unredeemed or by leaving the same at the dwelling-house of the occupant with a person of suitable age and discretion, belonging to his family.

Section 138 of the Tax Law, another of the sections excepted from the portion of the Tax Law not made applicable to Oneida county by section 15 of the special act, provides as follows: " The lien of a mortgage, duly recorded or registered at the time of the sale of any lands for nonpayment of any tax or assessment thereon, shall not be destroyed, or in any manner affected except as provided in this section. The purchaser at any such sale shall give to the mortgagee a written notice of such sale within one year from the expiration of the time to redeem."

The stipulation of fact shows that the purchasers have made no attempt to comply with sections 134 or 138 of the Tax Law, their contention being that, so far as Oneida county is concerned, those sections of the Tax Law are either repealed or made not applicable. They also contend that section 9 of the special law provides for the publication of a notice to redeem for three months and that the words contained in said section that: " No other, further or different notice of the expiration of the time to redeem shall be required to be published, served upon or given to any

person whatever " by necessary implication excludes the necessity of any compliance with sections 134 and 138 of the Tax Law. Upon the other hand defendants contend that by section 15 of the Oneida County Law sections 134 and 138 of the Tax Law are made applicable to Oneida county, and that by reason of the failure of the purchasers at tax sale of the premises in question to comply with those sections, the purchasers acquired no title to the premises and are not entitled to maintain this proceeding.

Section 15 of the Oneida County Law provides that articles 5, 6 and 7 of the Tax Law shall not apply to Oneida county with the exception of sections 134, 138, etc. The special act, therefore, by necessary implication, provides that those sections do apply to Oneida county. Whatever is necessarily implied in a statute is just as much a part thereof as if written therein. People ex rel. Huntington v. Crennan, 141 N. ·Y. 239, 244; Riggs v. Palmer, 115 id. 506.

It is also a rule of law, that all acts in *pari materia,* are to be taken together as if they were one law. McCartee v. Orphan Asylum Society, 9 Cow. 437, 506.

We must then construe sections 134 and 138 of the Tax Law as a part of the Oneida County Act. Those sections which provide for personal notice to the occupant and mortgagee are in conflict with section 9 of the Oneida County Law, which provides that no notice other than that published need be given, and the question is presented here as to which section shall prevail. It is a well-established rule in the interpretation of statutes that where a sense is to be supplied to inaccurate or incomplete words in an enactment, that sense which works an injustice should be avoided. Polhemus v. Fitchburg R. R. Co., 123 N. Y. 502, 509; Hayden v. Pierce, 144 id. 512, 516; People v. Jaehne, 103 id. 182, 197; O'Grady v. New York Mut. Live Stock Ins. Co., 16 App. Div. 567, 571.

A construction of an act should be avoided which would injuriously affect the rights of others, and that sense should be attached to its provisions which will harmonize its objects with the preservation and enjoyment of all existing. rights. Suburban R. T. Co. v. Mayor, 128 N. Y. 510, 523.

Legal hermeneutics, when applied to the construction of statutes, teach us to reject a construction which is contrary to natural justice and equity, or which will necessarily be productive of

practical inconvenience to the community, unless the language of the law-giver is so plain and explicit as not to admit of a different construction.   Donaldson v. Wood, 22 Wend. 395, 397.

The primary purpose of interpretation is to ascertain the intent of the lawmakers, and in statutes, as other instruments, clauses in themselves absolute and unqualified may be limited by other clauses and provisions.   The whole context of a statute may be examined to ascertain the meaning of a particular clause, and this becomes necessary where the meaning is doubtful or where by giving a particular clause full effect it would come in conflict with other clauses.   A statute, like a will or contract, is to be construed as a whole, and in applying this principle of construction it is not material in what order provisions, which at first blush seem contradictory, are placed.   The meaning is to be collected *ex antecedentibus et consequentibus,* and a later provision may be qualified by a prior one, or the contrary.   When the effort at a reconciling construction fails, and the repugnancy of different parts is absolutely irreconcilable, courts sometimes solve the difficulty by applying the somewhat arbitrary rule that the last expression of the lawmaker in the act embodies the final intent, and on this ground give it effect, rejecting the prior inconsistent provision.   But this is a rule to be resorted to only *in extremis.*   People ex rel. Mason v. McClave, 99 N. Y. 83, 89.

The rule that where the provisions of a prior statute are repugnant to the provisions of a later statute the former act is to that extent repealed does not apply here, because next to the last section of the Oneida County Law excepts sections 134 and 138 of the Tax Law from the provisions of the latter law which are not to apply to said county, thereby impliedly making them a part of the Oneida County Law and practically re-enacting them.   The reference to those sections in section 15 of the special act was such as to show conclusively that the Legislature did not intend to repeal them as to this county.   People ex rel. Stiner v. Morrison, 78 N. Y. 84.

Sections 134 and 138 were not repealed as to Oneida county unless such was the intention of the Legislature.   Anderson v. Anderson, 112 N. Y. 104, 111.

Repeals by implication are not favored in law.   People ex rel. Olcott v. House of Refuge, 22 App. Div. 254, 259; Matter of Mayor, 97 N. Y. 572, 578; Hankins v. Mayor, 64 id. 18, 21.

To give effect to all the provisions of section 9 of the Oneida County Law would practically give no effect whatever to sections 134 and 138 of the Tax Law. While upon the other hand, to give full effect to sections 134 and 138 would still leave section 9 of the special law in full force, excepting as to the clause providing that no other notice need be served upon any person whatever. I think the latter construction would do the least violence to the act as a whole and would come the nearest to giving effect to all the provisions of the act.

It was held in McCartee v. Orphan Asylum Society, 9 Cow. 506, that these repeals carry along with them a tacit reflection upon the Legislature, that they should ignorantly and without knowing it make one act repugnant to and inconsistent with another; and such repeals have been ever interpreted so as to repeal as little of the preceding law as possible.

It is also well settled that words absolute of themselves, and language the most broad and comprehensive, may be qualified and restricted by reference to other parts of the same statute in which they are used, and to the circumstances and facts existing at the time and to which they relate or are applied. Smith v. People, 47 N. Y. 330, 337.

Construing sections 134 and 138 of the Tax Law as limiting the one clause referred to in section 9 of the special act, leaves those sections in harmony with the other provisions of such special act. This is the correct rule for the construction of conflicting statutes or conflicting provisions of the same statute. Hankins v. Mayor, 64 N. Y. 18; People ex rel. Kingsland v. Palmer, 52 id. 83; Monegan v. People, 55 id. 613; People ex rel. Maloney v. Edwards, 56 Hun, 377.

It is urged that the special act was intended to cover the entire field and, therefore, any statutory provisions in conflict with it should be deemed repealed. While I admit that that is the rule, I do not think it applicable to this case for the reason that by section 15 of the special act sections 134 and 138 are practically made a part of that act, and must be construed as a part of it. A further answer to the above argument is that the special act was not intended to cover the entire field, as shown by that portion of section 13 which provides that all the general laws of this State in relation to the assessment and collection of taxes and the sale and

32

redemption of lands sold therefor, and not inconsistent with the provisions of this act, shall, so far as they are applicable, be in force in respect to the assessment and collection of taxes in the county of Oneida.

It is also urged that section 134 of the Tax Law cannot apply to Oneida county, because that section only refers to sales by the comptroller, while the Oneida County Law provides that all sales shall be by the county treasurer. But it must not be overlooked that section 157 of the Tax Law provides that the provisions of article 6 of said act, entitled " Sales by comptroller for unpaid taxes and redemption of lands," which includes section 134, shall, in so far as it is not otherwise therein provided, govern and control the action of the county treasurer, who shall perform the duties therein devolved upon the comptroller, and the same rights and remedies shall be deemed to exist under the provisions of this article as are provided for in said article 6, and section 13 of the Oneida County Law, as we have already stated, provides that all the general laws of this State, in relation to the assessment and collection of taxes, and the sale and redemption of lands sold therefor, and not inconsistent with the provisions of said act, shall, so far as they are applicable, be in force in respect to the assessment and collection of taxes in the said county of Oneida. It is, therefore, entirely proper in construing section 134 of the Tax Law, as a part of the Oneida County Law, to substitute county treasurer in place of comptroller. And in harmonizing the two acts it is in like manner our duty to hold that a payment to redeem in the county of Oneida should be made to the county treasurer instead of into the State treasury. The rule, of necessity, does not help the petitioners in this case. I see no necessity for a statute dispensing with personal notice to redeem. If there has been any demand or necessity for it I failed to hear of it. We have several classes of people in our county upon whom it would be a great hardship. The habitual or voluntary tax defaulters are entitled to no sympathy. But all who default in the payment of their taxes are not such. We have in our county a large number of people unable to read or write and unable to speak our language. They know very little about our business methods, and when they pay one tax they quite naturally suppose that to be all their taxes for the year. Their property is subsequently sold upon the other tax and the notice of sale published miles from their home. They

never see it or know of it. The same is true of the published notice to redeem. In the meantime the owners of the property, relying upon their receipt for a single tax, remain in blissful ignorance of the fact of the sale and the expiration of the time to redeem. If, upon the other hand, a notice were served upon them it would, doubtless, be taken to somebody who would explain the true situation. But the unfortunate people who are likely to be the victims of such a law are not limited to the classes who are unable to speak our language or who are unable to read or write. Women who, unaccustomed to transact business during their husbands' lives, upon the latter's death suddenly find themselves compelled to look after the details of business in person, are nearly as likely to become victims of such a law as the class previously mentioned. We also have the feeble-minded and people in asylums who are unable in person to see to the payment of their taxes. If personal notice to redeem is served, it is likely to find its way to some of their friends who would look after the matter in their interest. That much may be said in regard to the necessity of personal notice to redeem upon the owners or occupants of the property.

Justice and fairness require that personal notice to redeem should also be given to the mortgagees. Oftentimes the mortgagee lives hundreds of miles away from the property upon which he has taken security. It is not his duty to pay the taxes upon the property. A published notice to redeem would not in the ordinary course of events reach him.

But this is not all the mischief which may result from the special act if it is to be given the construction contended for by the petitioners. Under that construction a man who has paid his taxes may lose his property without knowing any adverse claim is made upon it. Section 10 provides that the county treasurer's conveyance shall be presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of the lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto. After two years from the date of such conveyance such presumption shall be conclusive, the sale and conveyance thereof shall become absolute, and the occupant and all others interested in the land be forever barred from all liens upon, claims against, interest in, or right or title thereto.

If, therefore, the public officers by mistake advertise for sale for taxes lands upon which the taxes have been paid and take the subsequent proceedings required by this act, and notice does not come to the owner or mortgagee of such proceedings until after the expiration of the two years upon which the conveyance becomes absolute, they lose their property and are apparently without redress. A construction of a statute that would practically confiscate property without the fault of the owner and without his knowledge should not be given unless the language is so clear and unambiguous as to bear no other construction. Where. a person is seeking to seize upon the home of another, or, perhaps, the savings of a lifetime for part of one year's tax, I do not think it any hardship to require him to give personal notice to redeem to the occupant of the home or the owner of the savings. I am satisfied that the purchasers were bound to comply with sections 134 and 138 of the Tax Law, and that by reason of their failure to so comply they have not acquired such an interest in the premises in question as to entitle them to maintain this proceeding.

The proceeding should, therefore, be dismissed, with costs.

Proceeding dismissed, with costs.