PEOPLE ex rel. MUNGER v. BRUSH, County Treasurer.

(Supreme Court, Special Term, Suffolk County.    January 15, 1906.) †

TAXATION (§ 696*)—REAL ESTATE TAXES—SALES—REDEMPTION.

    Though Tax Law (Laws 1896, c. 908) §§ 134–137, relating to notice and redemption of land sold for taxes, did not repeal the Suffolk county special act (Laws 1873, c. 620) relating to the enforcement of taxes in that county, it should be construed as supplemental to such special act, and in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Received for publication November 7, 1911.

the absence of explicit prohibition in the special act, the notice of the expiration of time for redemption prescribed by section 134 must be served before the title of an owner of land in that county may be divested by tax sale.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 696.*]

Application by the People, on the relation of Laura Munger, against Henry ·S. Brush, as Treasurer of Suffolk County, for mandamus to compel the appointment of commissioner under Tax Law (Laws 1896, c. 908) §§ 134–137. Motion granted.

Payne and Scudder, for relator.
Timothy M. Griffing, for defendant.

WILMOT M. SMITH, J. While it is true that the special act for Suffolk county (chapter 620, Laws 1873) was not repealed by the general tax law (chapter 908, Laws of 1896), I am of opinion that sections 134, 135, 136, and 137 of the tax law should be construed as supplemental to the Suffolk county act. Only· the clearest and most explicit prohibition in the Suffolk county act should be deemed adequate to prevent the application of the general tax law, which requires the service of the notice provided by section 134 of the tax law before the title of the owner can be divested by a tax sale. In the case of Gabel v. Williams, 39 Misc. Rep. 489, 80 N. Y. Supp. 489, it was even held by the county judge of Oneida county that section 134 should be given effect, notwithstanding the Oneida county special act provided explicitly that no other further or different notice of the expiration of the time to redeem than that provided by the act should be required to be published, served upon, or given to any person whatever. My construction of these statutes does not harm the purchaser at the tax sale, and it serves to prevent what in this case, as in many others, would result in the gravest injustice to the owner. If the sections of the tax law referred to are in force as supplemental to the Suffolk county act, and should be construed in connection therewith, the relator is entitled to the remedy he seeks.

Motion granted, without costs.