JOHN CARROLL, Respondent, *v.* JOHN H. McARDLE, Individually and as Supervisor of the Town of Mamaroneck, Appellant.

*Statutory construction — Tax Law — Westchester county — special statute providing plan for collecting delinquent taxes in towns of such county not repealed by implication, by enactment of General Tax Law.*

Where a statute (L. 1874, ch. 610 and acts amendatory thereof and supplementary thereto) providing a complete plan for the collection of delinquent taxes in the various towns of Westchester county has been materially amended and supplemented by the legislature since the enactment of the General Tax Law (L. 1896, ch. 908; Cons. Laws, ch. 60), and it appears in addition thereto that during all that time the authorities of the various towns of that county have proceeded upon the theory that the local statute was still in force, and that proceedings for the collection of taxes and sale of lands in payment thereof have been conducted thereunder, the local statute will not be deemed to have been repealed by implication by the enactment of the general law. (*Peterson* v. *Martino*, 210 N. Y. 412, distinguished.)

*Carroll* v. *McArdle*, 157 App. Div. 404, reversed.

(Argued October 18, 1915; decided November 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 18, 1913, in favor of plaintiff upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Henry R. Barrett* for appellant. The amendment by the legislature of chapter 610 of the Laws of 1874, since the passage of the General Tax Law, is an indication that it was not the intention of the legislature to repeal this law. (L. 1897, ch. 300; L. 1901, ch. 338.) The course of legislation on the subject demonstrates a clear intention on the part of the legislature that chapter 908 of the Laws of 1896 should not repeal chapter 610 of the Laws of 1874. (*Cromwell* v. *MacLean,* 123 N. Y. 474; *Welstead* v. *Jennings,* 185 N. Y. 588; *Peterson* v. *Martino,* 210 N. Y. 412.)

No appearance for respondent.

HISCOCK, J. The only question submitted to us on this appeal is the one whether chapter 610 of the Laws of 1874, and the acts amendatory thereof and supplementary thereto providing for the collection of taxes in the various towns in Westchester county were repealed by implication by the General Tax Law (Laws of 1896, chapter 908; Consolidated Laws, chapter 60).

In the consideration and decision of this question we have not been aided by any brief in behalf of the respondent. Whether this has been due to indifference as to the result of the appeal or to an excess of confidence we are of course unaware. But whatever the cause may have been we have been deprived of the assistance to which we were entitled in the disposition of an important and somewhat troublesome question.

The statute which the respondent formally asserts

was repealed, and which the appellant insists was not repealed, by implication, provided a complete plan for the collection of delinquent taxes in the various towns of Westchester county through the agency of town officers. The General Tax Law did not purport to repeal it directly either by anything contained in the body of the act or by inclusion of said local statute in the list of those which were repealed. The repeal, if at all, was simply and solely by implication because the General Tax Law provided a scheme for accomplishing that which theretofore had been accomplished in the towns of Westchester county under and by virtue of the terms of said local statute.

The question of repeal by implication, generally a more or less troublesome one, has been the source of much discussion and perplexity in respect of tax legislation, and prior to the decision of this court in *Peterson* v. *Martino* (210 N. Y. 412) there was considerable apparent confusion if not actual conflict of decisions upon the subject. The decision in the *Peterson* case, however, materially cleared the situation, calling attention, through the opinion of Judge CARDOZO, to the special grounds upon which some prior decisions were and properly could be based, overruling others, and indicating that the General Tax Law was to be regarded as a codifying act intended to bring about a uniformity of law in respect of the subject of taxation, and that under ordinary conditions it was to be regarded as repealing by implication and supplanting local laws for the collection of taxes. Therefore, if there were before us nothing but the ordinary fact of the existence of the local statute pertaining to the collection of taxes in the towns of Westchester county, I should think that it would be our duty under the *Peterson* case to regard the same as repealed by the General Tax Law. But there are special circumstances which we feel prevent us from taking this view.

After the passage of the General Tax Law in 1896 and

by chapter 300 of the Laws of 1897, material and quite extensive amendments were made to the Westchester Tax Law, and again by chapter 338 of the Laws of 1901 important amendments were made to section 7 of that law. Thus it appears conclusively that the legislature did not intend to repeal or at least believed and assumed that it had not repealed the local statute. In addition it is stated without contradiction that during all of these years the authorities of the various towns of Westchester county have proceeded upon the theory that the local statute was still in force, and that proceedings for the collection of taxes and the sale of lands in payment thereof have been conducted under it. Under these circumstances we think that we should hold that there was not an intent upon the part of the legislature to repeal by implication.

This question was considered in *People ex rel. Stiner* v. *Morrison* (78 N. Y. 84, 88), where it was claimed that a statute relating to the appointment of excise commissioners had been repealed by implication by the charter of the city of New York and where it appeared that during the session when the alleged repealing act was passed and again during the following session statutes were passed amending or supplementing the provision said to have been repealed. Writing upon this subject Judge RAPALLO said: " A very clear indication that the Legislature did not intend to supersede that act (the one said to have been repealed by implication) or to change the term of office thereby fixed for commissioners of excise, and did not suppose that they had done so, is to be found in chapter 549 of the Laws of 1873, passed at the same session as the charter, and a few days later, whereby the very sentence in the act in 1870, which declares that commissioners of excise in cities shall hold their offices for three years, and shall be paid as other city officers are paid, is amended, by adding after the word 'paid:' ' Provided that, in the city of New York,

the commissioners of excise shall receive a salary not to exceed five thousand dollars a year each, to be fixed by the board of estimate and apportionment of said city,' etc. If the Legislature understood that the act of 1870 was not in force in the City of New York, but had been superseded as to the City of New York by the charter, this provision would certainly not have been made by amending the repealed or superseded act.   *   *   * Making special provision for the compensation of commissioners   *   *   * by amending the act of 1870, and the very clause in that act which regulates the tenure of office of such commissioners, plainly shows that they were regarded as holding office under that act, and not under the charter. By chapter 642 of the Laws of 1874 the amendatory act last referred to is amended by inserting further provisions relative to excise commissioners in the city of New York. These acts of the legislature, especially that passed in 1873, at the same session as the charter, and on a subsequent day, amending the provision alleged to be superseded by the charter, clearly show that the Legislature regarded the original provision of the act of 1870 as still in force and applicable to the city of New York, and are sufficient to control the general language of the charter. In *Smith* v. *People* (47 N. Y. 330, 339), it was held that where an entire act had been in express terms repealed by its title, and afterwards, at the same session, an act was passed which indicated that the Legislature assumed that certain provisions of the repealed act were still in force, even the express · general words of repeal were controlled and qualified by this evidence of the intention of the Legislature not to repeal the particular provisions in question."

It is true that an act amendatory of the original statute, passed by the same legislature which adopted the act supposed to effect the repeal may be stronger evidence of legislative intent than an act passed by a subsequent legislature. But we think that under all that was written

by Judge RAPALLO in the case just cited the repeated acts of the legislature subsequent to the enactment of the General Tax Law of 1896 recognizing and amplifying by amendment the Tax Law relating to Westchester county taken in connection with the conduct of the people of the various towns of that county in recognition of the local act furnish such strong reasons for rejecting the theory of repeal by implication that we should not disregard them.

The judgment appealed from should be reversed, with costs.

WILLARD BARTLETT, Ch. J., COLLIN, HOGAN, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment reversed.