J. Robert Lynch, J.
The petitioner, unwittingly or not, failed to pay his 1964 taxes on cottage property he owned in Jefferson County. He has paid the taxes levied in each year since and has remained continuously in possession. Because of the unpaid 1964 taxes the respondent County Treasurer conducted a tax sale of the property on August 19, 1965. It was bid in by the respondent Carney who claims that the petitioner’s time to redeem has now expired. The petitioner has tendered the amount of unpaid taxes with interest to the County Treasurer but the latter has determined that Carney is entitled to a deed.
The petitioner, arguing the tax sale to have been invalid for nonconformance with the applicable statutes, moves under article 78 of the CPLR for an order directing the County Treasurer to cancel the sale upon his paying the amount due.
The petitioner has a remedy even though the deed has not actually passed from the County Treasurer to Carney. Mandamus was long available to those seeking to rescue their property from an illegal tax sale procedure (Matter of Pine v. Terry, 262 N. Y. 405; Matter of Federal Land Bank v. Pickard, 169 Misc. 753). Article 78 CPLR supplanting mandamus (7801 CPLR) is therefore proper. While it is true that if a deed were given the petitioner could seek relief under the Real Property Actions and Proceedings Law, we know of no reason to require *1027 that the mischief, if any, be compounded, in order for a remedy to become available. We also point out to the respondents that the determination of the County Treasurer challengeable under article 78 CPLR is his determination that Carney is entitled to a deed.
The question is also raised as to which of two taxing statutes should govern. The Real Property Tax Law, generally applicable to the State of New York, finds its genesis in the Laws of 1896 (Introduction, McKinney’s Cons. Laws of N. Y., Real Property Tax Law, Book 49A, p. xxvxi). Chapter 157 of the Laws of 1883, as amended, is a special enactment for the collection of taxes in Jefferson County. The fact that the Legislature amended this special act twice — once in 1896 while the general law was being considered and once in 1899 after the general law was effective — persuades us that the special act is applicable (Carroll v. McArdle, 216 N. Y. 232).
An owner cannot be deprived of title to his real property unless there has been a strict compliance with the provisions of the tax statutes and those are to be liberally construed in the owner’s favor (Clason v. Baldwin, 152 N. Y. 204; Long Is. R. R. Co. v. City of New York, 64 N. Y. S. 2d 391). In this spirit we have examined the petitioner’s blanket charge that there was a failure to comply with the applicable law. We find that there has been faithful compliance in every respect except one. And this single failure is a fatal one.
The Jefferson County Tax Act (§6) provides that the County Treasurer shall advertise the tax sale once a week for six weeks (L. 1899, ch. 213) but that this shall not commence until the taxes have remained unpaid “for four months succeeding the said first of March ” (L. 1883, ch. 157, § 5). The last day to have paid the taxes free of advertisement would then be July 1 (General Construction Law, § 30). Accordingly the first day upon which advertisement could possibly be made would be July 2. Here the first notice was published on July 1 and therefore there were only five publications within the proper time instead of the required six. ‘ ‘ The word ‘ shall ’ is one of mandate. Without question, the statute was enacted for the benefit of the taxpayer. The Legislature has commanded that the collector provide the requisite notice and, in its wisdom, has described the specific procedure which must be employed. We cannot dispense with that which the Legislature has deemed necessary. If we were permitted to dispense with even one requiremet * * * we would be able to excuse compliance with the statute in toto" (Werking v. Amity Estates, 2 N Y 2d 43, 49-50, cert den. 353 U. S. 933.)
*1028 The County Treasurer is directed to cancel the tax sale of August 19, 1965 of Parcel No. 1059 and to issue a certificate of cancellation thereof upon payment by the petitioner of the school taxes levied in August, 1964 and the State and county taxes levied in December, 1964 with interest thereon to March 3, 1967.