Daniel Gr. Albert, J.
In this proceeding pursuant to article 78 of the CPLR, the petitioner seeks a judgment, in the nature of a writ of mandamus, requiring the respondent County Treasurer to permit her to redeem two contiguous parcels of real property which were the subjects of tax lien sales and, upon petitioner’s payment of the amount of said liens, together with any interest and penalties due thereon, directing the respondent County Clerk to cancel of record the deeds previously given by the respondent County Treasurer to the purchasers of the tax liens (the respondent Sol Dauber and the respondent D.C.R. Holding Corporation).
The petition is grounded upon the claim that the petitioner, as owner of the property, was not given actual notice of the sale of the tax liens and that the respondents failed to comply with the notice requirements of the Nassau County Administrative Code (L. 1939', chs. 272, 701-709’, as amd.).
Before examining the facts underlying this application and before weighing the merits of the petition, it should be noted that although the petitioner has another procedural remedy available in that she could test the validity of the deeds given *703 by the County Treasurer in an action in equity to determine adverse interests in the subject property (Real Property Actions and Proceedings Law, art. 15) none of the respondents have challenged the appropriateness of reviewing the acts herein complained of by means of a proceeding under article 78 of the CPLR. Moreover, there is authority to the effect that mandamus is a proper vehicle for such review (Matter of Sylvia v. Andrus, 53 Misc 2d 1025; Matter of Fed. Land Bank of Springfield v. Pickard, 169 Misc. 753). While the parties have not raised the issue, the court notes it because, as stated in the first of the cases cited supra, ‘ ‘ the determination of the County Treasurer challengeable under article 78 CPLR is his determination that * * * [the purchaser at the sale of the tax lien] is entitled to a deed ’ ’ (Matter of Sylvia v. Andrus, supra, p. 1027). In this case, the deeds to the two purchasers were executed and delivered on March 5 and March 9 of this year. The notice of petition and petition commencing this proceeding were served upon the respondent county officials on July 22 and 23, more than four months later. Again, however, none of the respondents has questioned the timeliness of the proceeding (cf. CPLR 7804, subd. [a] and CPLR 217), and, therefore, the court will treat it on the merits.
Prom the papers submitted, it appears undisputed that in April, 1960, the petitioner, then known as Eleanor K. Rosenthal, and her husband, Samuel J. Rosenthal, acquired title to both of the parcels involved herein as tenants by the entirety. In August, 1963, Samuel J. Rosenthal died and, by operation of law, petitioner became the sole owner. In 1965, petitioner remarried and, since that time, has been known by her present name, Eleanor K. Lichtenstein. However, as recently as 1969, the town and school district tax bills were made out to and, presumably, mailed to “ S. J. Rosenthal ”, petitioner’s deceased former husband, at the street address of the subject property, 1 Hemlock Drive, Great Neck. In May, 1970, the Receiver of Taxes for the Town of North Hempstead was advised to send future tax bills to “ Samuel J. Rosenthal, c/o A. Touretz, 621 6th Ave., N. Y., N. Y.” and; the 1969-1970 school tax levy sent by the Receiver was so addressed.
Petitioner acknowledges that she failed to pay the second! half of the 1967 county and town tax levy on each of the two parcels involved herein. On the one lot, those taxes amounted to $486.60, and on the other, to $111.64. She claims that the omission was inadvertent and that the property, one parcel of which is improved by a one-family residence, is worth approximately $300,000. In any event, petitioner has submitted receipted tax *704 bills showing that the school, town and county taxes levied subsequently were paid in full. Significantly, in this court’s opinion, none of these subsequent tax bills gave notice that there were arrears due, although the form of the bill provides a space for such notice, and the Nassau County Administrative Code (§ 5-14.0; L. 193-9, ch. -703) provides that notice of any arrears due shall be given in subsequent tax bills.
In February, 1968 the tax lien on the improved lot was sold to the respondent Dauber for $527.53 and the tax lien on the unimproved lot was sold to the respondent D.C.E. Holding Corporation for $122.57. The latter purchaser, after acquiring the County Treasurer’s .deed-in March, 1970 immediately quit-claimed its interest to the respondent Herman Cohn.
The major thrust of the petition is that the respondents failed to satisfy the notice requirements of the Nassau County Administrative Code applicable to the sale of tax liens and the foreclosure of the right to redeem following such a sale. The petitioner also contends that the provisions of the County Administrative Code specifying the manner in which notice to- redeem is to be given are violative of the due process clauses of both the State and Federal Constitutions.
In brief, the procedure set forth in the Nassau County Administrative Code provides for the following steps to be taken by the County Treasurer in the process of collecting unpaid taxes by sale of the tax lien upon real property: (1) Publication óf a notice that, unless the taxes are paid by the specified díate, the property against which they were levied will be advertised and, thereafter, sold (§ 5-36.0); (2) Advertisement of a list of the real property upon which tax liens are liable to be sold (§ 5-37.0, subd. b); (3) Sale of the tax liens at public auction (§ 5-37.0, subd. c); (4) Issuance to the purchaser at such auction sale of a certificate of sale (§ 5-41.0); and (5) In the event the tax lien is not satisfied within the 24-month period following the sale (§§ 5-48.0, 5-51.0, as amd. by L. 1941, ch. 679 andL. 1959, ch. 144) and after the purchaser has given notice to redeem to the owner and other interested parties, execution and delivery of a deed to the purchaser of the tax lien (•§ 5-53.0).
Prior to the issuance of the County Treasurer’s deed, the purchaser, as indicated above, must cause to be served on other interested parties, including the ‘ ‘ owner in fee ’ ’ and ‘ ‘ any other person having a lien, claim or interest * * * the nature and degree of whose interest appears from the records kept by the county clerk, county treasurer, surrogate of the county and receiver of taxes for the town or city in which the property is located ” (■§ 5-51.0, subd. a; L. 1939-, ch. 272, as amd. by L. 1952, *705 eh. 514, § 1), a notice specifying, among other things, the identity of the property involved, the date upon which the purchaser at the tax sale may elect to foreclose the lien or accept the County Treasurer’s deed, and the manner and period in which the party served may satisfy the tax lien. The Administrative Code requires that this notice be served on the parties in interest: “by registered mail, postage paid, return receipt requested, showing address where delivered, and addressed to such person’s last known address. The receipt of the postmaster for such registered mail and the return card by the post office and the affidavit of the person mailing it, setting forth the means by which the last known address was ascertained, shall be sufficient evidence of the service of the notice.” (Local Laws, 1967, No. 13 of County of Nassau, amdg. Administrative Code, § 5-51.0, subd. c.)
Petitioner contends that the respondent purchasers did not comply with this requirement in connection with the notice to redeem on either of the two lots, because the request for a return receipt, submitted by the respondents, did not request the post office to show the address where the registered mail was delivered. Further, petitioner contends that the notice to redeem was addressed to “Sam J. Eosenthal ” and that, had the respondents searched the records of the Surrogate’s Court (cf. Nassau County Administrative Code, § 5-51.0, subd. a, quoted supra), they would have discovered that that party was deceased, and that the petitioner herein (who was one of the petitioners for the probate of that decedent’s will and coexecutor of his estate) was no longer known as Eleanor K. Eosenthal but as Eleanor K. Lichtenstein.
It should also be noted that the return receipt for one of the notices to redeem (the only one submitted herein by respondents) indicates that it was received by one 11 S. Meehan ”. Petitioner denies knowledge of any such person and denies that any such person resides at her home or was ever present there. She claims that the first notice she ever received to the effect that there were past due taxes was a letter from the Eeceiver of Taxes for the Town of North Hempstead dated March 16, 1970. As indicated earlier, the County Treasurer had already executed the deeds involved herein prior to that date.
The respondents Dauber and Cohn contend that they complied substantially with the procedural requirements of the Administrative Code; that the failure to request the post office to show the ‘‘ address where delivered ’ ’ does not invalidate the deeds issued by the County Treasurer since it must be presumed that the postal authorities did, in fact, deliver the notice to the address stated thereon, and that it was the duty of the peti *706 tioner to keep the public records 6 £ up to date ’ ’ by notifying the appropriate officials of the proper name and address to which tax bills were to be forwarded. In the brief submitted in their behalf, these respondents also cite a number of judicial decisions holding methods of service similar to that provided for in the Administrative Code valid and constitutional under like circumstances. Without reviewing and discussing each of these cases in detail, it can be noted that most of them were decided several years ago and the most recent one was rendered in 1953 (City of New York v. Lynch, 281 App. Div. 1038) .
This court finds that the cumulative effect of the irregularities demonstrated by the affidavits and exhibits submitted in this proceeding were such as to deprive the petitioner of any substantial opportunity to redeem her property. It is true that she was under an obligation to keep herself informed as to what was transpiring with reference to her property (City of New Rochelle v. Echo Bay Waterfront Corp., 268 App. Div. 182, 186) and that, in failing to notify the Town Receiver of the change in her name and in the status of the ownership of the property, petitioner virtually 1 ‘ invited ’ ’ the difficulties that followed. Nevertheless, this court fails to see why petitioner should be substantially penalized for these omissions by the loss of a valuable property when the respondent purchasers were at least equally remiss in failing to comply strictly with all the provisions of the applicable law. They acknowledge that they did not request the post office to show the address where the registered notice to redeem was delivered, and they attempt to excuse that omission, in part, by claiming in their brief that until the commencement of this proceeding, the amendment of subdivision c of section 5-51.0 of the Nassau County Administrative Code mandating such a request (Local Law No. 13, 1967, eff. Oct. 1, 1967) “ was not of general knowledge either to the office of the Treasurer of Nassau County * * * the tax lien buyers, [or] counsel involved in this field” (respondents’ memorandum, p. 6).
Certainly, the respondents were chargeable with knowledge of this amendment, and certainly they were chargeable with knowledge that subsequent tax levies against the property involved were timely and fully paid. Such a circumstance does not indicate that the owner had intentionally or otherwise abandoned the property. It does, on the contrary, indicate an intention on the taxpayer’s part to protect his interest. It is evidence that the failure to pay the single levy in 1967 was inadvertent. It is, moreover, a starting place for anyone interested in locating the party who has such an interest in the property that he has been regularly paying the taxes thereon after the single default.
*707 Moreover, in this court’s opinion, the Nassau County Administrative Code, insofar as it permits sale of the tax lien without any prior notice to the taxpayer other than publication of a list of properties affected in local newspapers, may not measure up to the standard of notice required by the due process clause of the Fourteenth Amendment, unless the provisions thereof relating to service of the notice to redeem are construed, as they are herein to require the purchaser to make diligent search for the identity and whereabouts of parties having an interest in the property and to comply strictly with the procedures set forth for giving such parties notice of the sale of the tax lien, the right to redeem, and the consequences of the failure to redeem.
11 An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated * * * to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections ” (Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 314). On the basis of the Mullane case (supra) it has been held that notice by publication is not enough ‘ 1 with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question ” (Schroeder v. City of New York, 371 U. S. 208, 212-213).
Of course, sale of the tax lien is not accorded finality under the Nassau County Administrative Code, and the failure of the county to give notice other than by publication of the impending sale may, therefore, be constitutionally permissible, so long as the procedures allowing the taxpayer to redeem after the sale are reasonably calculated to give him notice and an opportunity to be heard before final disposition of his property is made.
Since, therefore, those provisions of the Administrative Code relating to the giving of such notice are, in the court’s opinion, constitutionally mandated, the failure of the respondent purchasers to comply strictly therewith cannot be excused, and the relief sought in the petition must be, and is, granted.