Joshua C. Sanders, Respondent, *v.* Charles T. Saxton, Lieutenant-Governor, and Others, Appellants.

*Tax in Kings county — assessment of non-resident lands in that part of the roll containing assessments against individuals — a tax sale thereunder is invalid — it is not legalized by section 1 of chapter 411 of the Laws of 1885 — section 65 of chapter 427 of the Laws of 1855, as amended, does not apply to such a case — action against State officers, not against the State.*

The statute governing the assessment for the purpose of taxation of lands in Kings county required that the names of the inhabitants and their lands be set down in the assessment roll in a prescribed manner, and that the "lands of non-residents shall be designated in the same assessment roll, but in a part thereof, separate from the other assessments," in another prescribed manner.

In making up an assessment roll, unoccupied land belonging to a non-resident was not set down or assessed at all in the non-resident part of the roll, but the owner's name and the land were set forth in the other part thereof with the taxable inhabitants and their lands in the usual way. The letters "N. R." were inserted between the name in the first column and the entries of the land in the next column, and at the end of the assessment roll was a note that "all property in the preceding pages marked 'N. R.' is held by non-residents, and is to be considered as entered in a separate part of the assessment roll from the other assessments."

*Held,* that the assessment was invalid, and that a conveyance by the State Comptroller of the land upon a sale for the non-payment of taxes was void;

That section 1 of chapter 411 of the Laws of 1885, purporting to legalize and confirm "taxes * * * on lands of non-residents" in the towns of Kings county, "whether said lands were entered in the several assessment-rolls separately as the lands of non-residents or otherwise," did not apply, as the taxes in question had not been, in form, assessed upon the land at all, but only against an individual;

That section 65 of chapter 427 of the Laws of 1855 (as amended by chapter 448 of the Laws of 1885, and made applicable to Kings county by chapter 217 of the Laws of 1891), making conveyances executed by the Comptroller of land sold for taxes conclusive evidence, after a certain time, that the sale and assessments were regular, did not apply, as the conveyances referred to in the statute were of lands, in form, assessed as non-resident lands;

That an action to cancel tax sales of land owned by the plaintiff, and to declare void conveyances executed by the State Comptroller to the People of the State of New York pursuant to such tax sales, lies against the State officials and not against the State.

Appeal by the defendants, Charles T. Saxton, Lieutenant-Governor, and others, from a judgment of the Supreme Court in favor

of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of May, 1902, upon the decision of the court, rendered after a trial at the Kings County Special Term, declaring certain assessment and tax sales to be void.

This action was brought to cancel certain tax sales of land owned by the plaintiff, and to set aside conveyances executed by the State Comptroller to the People of the State of New York pursuant to such tax sales.

*John Cunneen, Attorney-General* [*Sanford T. Church* with him on the brief], for the appellants.

*Robert Goeller* [*Joshua C. Sanders,* in person, with him on the brief], for the respondent.

JENKS, J.:

I am for affirmance upon the opinion of GAYNOR, J., who presided at the Special Term. And, save upon a single point, no further comment seems necessary. The learned justice held that section 65 of the act of 1855, as amended by chapter 448 of the Laws of 1885, and made applicable to Kings county by chapter 217 of the Laws of 1891, did not apply to the case at bar, but that the conveyances referred to in the statute are those of lands assessed as non-resident. The Attorney-General contends that this view is erroneous. But the Court of Appeals has sustained the Justice. (*Bennett* v. *Peck,* 112 N. Y. 649.)

The judgment should be affirmed, with costs.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment affirmed, with costs.

The following is the opinion of GAYNOR, J., delivered at Special Term :

GAYNOR, J.:

The land was returned to the State Comptroller and sold as though the unpaid taxes had been assessed and made a lien upon it, but they had not been. The statute required that the names of the

taxable inhabitants and their lands be set down in the assessment roll in a prescribed manner, and that the "lands of non-residents shall be designated in the same assessment roll, but in a part thereof separate from the other assessments" (1 R. S. 391, § 11), in another prescribed manner. [And in the former case the lands are not assessed, but only the inhabitants, while in the latter the lands alone are assessed. The land in question was unoccupied, and belonged to a non-resident. It was not set down or assessed at all in the non-resident part of the roll, but the owner's name and the land were set down in the other part with the taxable inhabitants and their lands in the usual way. The letters "N. R." were set down between the name in the first column and the entry of the land in the next, however, and at the end of the roll there was a note that "all property in the preceding pages marked N. R. is held by non-residents, and is to be considered as entered in a separate part of the assessment roll from the other assessments." But it was not so entered. The assessors evidently wanted that to be deemed as done which they had not done ; but of course that is impossible. Land was not and could not be assessed in the resident part. It was only non-resident land that could be assessed at all, and that in the way prescribed by law, and upon which a lien could be acquired under which it could be sold (1 R. S. 390 ; Laws of 1855, chap. 427).

Section 1 of chapter 411 of the Laws of 1885 purports to legalize and confirm "taxes * * * on lands of non-residents" in the towns of Kings county, "whether said lands were entered in the several assessment-rolls separately as the lands of non-residents or otherwise." The taxes here in question were not in form assessed upon the land at all. If they had been, even though in the wrong part of the assessment roll, this curative act would in terms cover them, but as it is it does not. It only purports to validate taxes in form laid on non-resident lands, whether in the wrong part of the roll or not. It does not purport to validate taxes not so in form laid, *i. e.,* taxes not in form laid on the land, but only laid against individuals. If the intention was to change these latter into liens on land, it should have been so stated. The forms and requirements for assessing non-resident lands are materially different from those for assessing the taxable inhabitants (*Sanders* v. *Downs*, 141 N. Y. 422), and these latter forms were the only ones complied with.

It follows that there was no lien cast on this land, and that the sale and conveyance by the Comptroller were void. But it is claimed that by section 65 of the said act of 1855 (as amended by chapter 448 of the Laws of 1885, and made applicable to Kings county by chapter 217 of the Laws of 1891), the said conveyances have become valid, and also conclusive evidence of a valid title thereunder in the grantee therein, viz., the State. The said section as so amended in 1885 provides that "all such conveyances that have been heretofore executed by the Comptroller * * * after having been recorded for two years in the office of the clerk of the county" where the land is situated "shall, six months after this act takes effect, be conclusive evidence that the sale and all proceedings prior thereto, from and including the assessment of the land and all notices required by law to be given previous to the expiration of the two years allowed by law to redeem, were regular and were regularly given," etc., "and all other conveyances or certificates heretofore or hereafter executed or issued by the Comptroller * * * shall be conclusive evidence thereof from and after the expiration of two years from the date of recording such other conveyances."

But this does not apply to the present case at all. The conveyances therein referred to are by the express words of the statute only conveyances of lands assessed as non-resident. The Comptroller could not by selling other lands bring them under the said statute. No lien is obtained on any other lands, and the Comptroller is empowered to sell no other. Whether we look at the scheme, or the express words, of the said act of 1855, we find that it relates wholly to lands set down in the non-resident part of the assessment roll; and that is the only place in which lands could be assessed at all. If the Comptroller were to sell my land, although I was a resident, and my name set down and assessed in the resident list, and my land was therefore not assessed at all (as indeed it could not be), would this statute apply? No more does it apply to the present case, where the owner, though a non-resident, was set down in the resident list, and his land was not set down in the non-resident list and assessed at all. If the land has been assessed, or it may be, if there has been an attempt to assess it in due form, then the conveyance becomes conclusive evidence of a good title in the manner pre-

scribed and after the time limited ; otherwise the entire act is wholly inapplicable as appears from both its scheme and its express words.

That this action is maintainable against the State officials though not against the State has been heretofore decided (33 Misc. Rep. 389).

Judgment for the plaintiff.