In the Matter of the Sale and Conveyance of a Lot and Shop on the East Side of Broad Street in Lestershire, Broome County, New York, Assessed to MARSENA H. McINTYRE, for Unpaid State and County Taxes for the Year 1900.

MARSENA H. McINTYRE and EMMA C. McINTYRE, Appellants; CYRUS A. WHEATON, Respondent.

Third Department, January 8, 1908.

**Tax sale — statutes — repeal — jurisdiction — waiver.**

Chapter 39 of the Laws of 1892, providing for the sale of property for unpaid taxes in Broome county, was repealed by implication by the General Tax Law (Laws of 1896, chap. 908) which was enacted to establish a uniform procedure throughout the State.

A party who fails to object to the validity of a sale under such repealed act does not thereby waive his rights, but may raise the question on appeal, for, as the court was without jurisdiction, the order of sale was a nullity and does not estop even a consenting party.

APPEAL by Marsena H. McIntyre and another from an order of the County Court of Broome county, entered in the office of the clerk of said county on the 27th day of November, 1906, declaring the absolute title in fee to certain premises to be vested in the respondent.

*J. L. Greene* [*Hinman, Howard & Kattell* of counsel], for the appellants.

*Farley & Riley* [*E. C. Moody* of counsel], for the respondent.

COCHRANE, J.:

For the collection of unpaid taxes arising in the year 1900 the appellants' property has been sold to the respondent by the county treasurer of Broome county. The proceedings relating to such sale were had pursuant to chapter 39 of the Laws of 1892 entitled "An act in relation to the collection of taxes in Broome county, and to authorize and provide for the sale of property for unpaid taxes in said county." The proceedings have been in conformity to that statute and culminated in the order appealed from which was granted pursuant to sections 16 and 17 of the statute which sec-

tions constitute the only and final steps to be taken by the court or a judge thereof in order to perfect the title conveyed by the county treasurer.

We are not now concerned with the legality of this particular tax or with the right of the assessors to make the assessment which resulted therein or with the method pursued in making such assessment. The question before us relates solely to the method of enforcing the collection of unpaid taxes in Broome county.

The General Tax Law (Laws of 1896, chap. 908, as amd.) was enacted for the purpose of establishing generally a uniform procedure throughout the State. The scheme and plan thereby provided for the enforcement and collection of unpaid taxes is different from that which obtains under the act of 1892 applicable to Broome county. That the latter act was by implication repealed by the General Tax Law of 1896 is conclusively demonstrated by the case of *Matter of Troy Press Company* (115 App. Div. 25) decided by this court and affirmed by the Court of Appeals (187 N. Y. 279), and nothing need be added to the opinions in that case.

This question as to the repeal of the act of 1892 was not raised in the court below or at least was not discussed or specifically called to the attention of the learned county judge. The respondent now claims that such question has, therefore, been waived. A party may sometimes waive a statutory provision in his own favor, but that principle finds no application here for the reason that the county judge was without jurisdiction to entertain the proceeding. The repeal of the act of 1892 obliterated it as effectually as though it had never existed and left the County Court without authority to act. The proceedings in that court were absolutely *coram non judice.* The order made is a nullity and does not estop even a consenting party. (*Matter of Walker,* 136 N. Y. 20, 29; *People ex rel. Pulman* v. *Henion,* 64 Hun, 471, 476; *Fiester* v. *Shepard,* 92 N. Y. 251; *Burk* v. *Ayers,* 19 Hun, 17, 24.)

The final order should be reversed, without costs, and the proceeding dismissed, without costs.

All concurred.

Final order reversed, without costs, and proceeding dismissed, without costs.