favor of the plaintiff. I think that within recent decisions of the Court of Appeals the failure to have the flag placed was a negligent omission to perform an act of superintendence. Harris v. Baltimore Machine & Elevator Works, 188 N. Y. 141, 80 N. E. 1028; Guilmartin v. Solvay Process Co., 189 N. Y. 490, 82 N. E. 725; McHugh v. Manhattan Ry. Co., 179 N. Y. 378, 72 N. E. 312; Gallagher v. Newman, 190 N. Y. 444, 83 N. E. 480. Indeed, the appellant does not seriously question that proposition, and is in no position to question it, having taken no exception to the submission of the question to the jury.

The other question raised does not require consideration, as it has already been passed upon by this court.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

## SCHREIBER et al. v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

TAXATION—ASSESSMENT—METHOD—NONRESIDENT LANDS.

> An assessment of land of a nonresident of the tax district, in violation of Tax Law, Laws 1896, p. 807, c. 908, § 29, requiring land of a nonresident to be set down and assessed in a separate part of the assessment roll from the land of a resident, the lands of residents and nonresidents not having been separately set down and assessed in the roll, was void, and there was no jurisdiction to sell.

Appeal from Special Term, Nassau County.

Action by Christopher Schreiber and another against the Long Island Railroad Company to restrain trespass on land by running trains thereon. Judgment for defendant, and plaintiffs appeal. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Chas. H. Street (Leander B. Faber, on the brief), for appellants.
Henry De Forest Baldwin, for respondent.

GAYNOR, J. The defendant has the regular title to the land and the plaintiff claims under a tax conveyance in fee by the county treasurer of Nassau county. The assessment in 1900 of the tax for nonpayment of which the sale was made was void. The land was of a nonresident. The statute required that nonresident lands should be set down and assessed in a separate part of the assessment roll. Tax Law, Laws 1896, p. 807, c. 908, § 29. There being a dispute on the argument before us whether this had been done, it was agreed that the roll should be submitted to us. That has been done, and resident and nonresident lands are not separately set down and assessed in the roll, but promiscuously. The land was therefore never assessed, from which it follows that there was no jurisdiction to sell. The county treasurer's power of sale, both by the express words and the scheme of the statute, is restricted to lands assessed as nonresident. He could not by selling other lands bring them under the said statute

(Sanders v. Saxton, 89 App. Div. 421, 73 N. Y. Supp. 1095, 85 N. Y. Supp. 762).

The judgment should be affirmed.

Judgment affirmed, with costs. All concur; MILLER, J., on the ground that the defect in the tax proceedings was jurisdictional, and that the five-year statute of limitations (Tax Law, Laws 1896, p. 841, c. 908, § 132) is applicable.