### KELLY v. AUSTIN et al.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. JUDGMENT (§ 251*)—TRIAL BY COURT—DECISION—CONFORMITY TO PLEADINGS.

   Where the complaint in an action to have a tax deed declared void was based on the theory that the deed was voidable for fraud, a decision for plaintiff, based on the theory that the tax sale was void because the law under which it was purported to have been made was repealed by a later statute, was erroneous as adopting a different theory than that upon which the action was based.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

2. TAXATION (§ 761*)—TAX DEEDS—SUFFICIENCY.

   It is sufficient if a tax deed states facts showing that the sale was made according to law; and a statement that a tax sale was pursuant to the Madison county law (Laws 1892, p. 498, c. 245), which had in fact been repealed by the general tax law (Laws 1896, p. 795, c. 908), would not vitiate the deed so long as the sale complied with the general tax law, which was

the only statute under which it could be made—the two acts being practically alike.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1510–1513; Dec. Dig. § 761.*]

Appeal from Special Term, Madison County.

Action by Harvey S. Kelly against Clarence W. Austin and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Clarence W. Austin, for appellants.
M. H. Kiley, for respondent.

PER CURIAM. The theory of the complaint is that the defendant Clarence W. Austin, the owner of the equity of redemption, suffered the premises upon which the plaintiff's assignor held a mortgage to be sold for taxes, bid them in, paid the taxes, obtained the tax title in his father's name, and claims to have extinguished the mortgage, and it seeks to have the tax deed declared void as a fraud upon his rights. The court did not pass upon that question, but from the findings and the memorandum indorsed upon the briefs it is evident that the decision was based upon the theory that the tax sale was void for the reason that the Madison county law (chapter 245, p. 498, Laws 1892), under which the sale purports to have been made, was repealed by the general tax law (chapter 908, p. 795, Laws 1896). Matter of Troy Press Co., 187 N. Y. 279, 79 N. E. 1006; Matter of McIntyre, 124 App. Div. 66, 108 N. Y. Supp. 242. This decision is erroneous for two reasons:

1. It adopts an entirely different theory than that upon which the action is based. Scott v. International Paper Co., 125 App. Div. 318, 109 N. Y. Supp. 423, and cases cited. The theory of the complaint is that a valid tax sale was made, but that it is voidable by the plaintiff on account of the fraud of the defendants. The theory of the decision is that no valid tax sale was ever made, and no consideration is given to the question whether the defendants' acts were fraudulent or not. If the tax deed is void upon its face, it does not require the action of a court of equity to clear the title. The complaint alleges a proper cause of action, based upon the theory that the deed upon its face appears to be valid, but is rendered voidable by facts outside of the deed itself.

2. The provisions of the Madison county law and of the general tax law, so far as the sale is concerned, are substantially alike. It is not necessary for the deed to recite under what particular statute it is made. It is only necessary to state the facts showing that the sale was made according to law. The statement in the deed that the sale was pursuant to the Madison county law does not vitiate it, so long as the sale in all respects complied with the general tax law, which was the only statute under which such sale could be made. Matter of Torge v. Vil. of Salamanca, 176 N. Y. 324, 68 N. E. 626. Minor dif-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ferences can be found in the two acts, but none to the substantial prejudice of the owner.

The judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event.