MAY E. PETERSON et al., Respondents, *v.* MARY R. MARTINO, Appellant.

Tax — General Tax Law (Cons. Laws, ch. 60) supersedes all earlier statutes relating to taxation — sale of land for taxes — what notice to be given to owner to set Statute of Limitations (Tax Law, § 132) running — action to cancel assessment and set aside certificate of sale for taxes.

1. The General Tax Law (Cons. Laws, ch. 60) is a codifying act, designed to reduce all statutes relating to taxation into a complete and harmonious system of taxation and procedure, and it has accordingly been held to override the earlier statutes relating to taxation. It follows that the provisions of the General Tax Law

repeal an earlier statute applicable to Suffolk county only (L. 1873, ch. 620, § 9, as amd. by L. 1875, ch. 80) which makes a conveyance by the county treasurer of lands sold for taxes only presumptive and not conclusive evidence.

2. In an action brought to recover possession of land in Suffolk county, the defendant claimed title under a sale for taxes. The conveyance by the county treasurer, pursuant to the sale, was made in November, 1904, and recorded in January, 1905. The plaintiffs had no knowledge of the sale till about October, 1909, having in November, 1906, asked the county treasurer to search for any taxes or tax sales affecting their land and received an official certificate that no such sale had been made. When plaintiffs learned of the sale they contested its validity, and in October, 1910, more than five years after the record of the county treasurer's deed, this action was begun. There was no hostile entry upon the land of the plaintiffs, the purchaser at the tax sale did not occupy the land, there was no record of a sufficient deed, the conveyance by the county treasurer was so defective that the record of such deed gave the plaintiffs no warning of the sale. *Held*, that section 132 of the Tax Law, declaring such a conveyance conclusive after having been recorded two years, is a statute of limitation, and notice must be given to the landowner that his title is to be divested, that no sufficient notice was given, and that plaintiffs' right to cancel the assessment was, therefore, unaffected by that statute.

*Peterson* v. *Martino*, 151 App. Div. 894, affirmed.

(Argued February 11, 1914; decided March 3, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 14, 1912, affirming a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert W. Thompson, Jr.*, for appellant. The action could not be maintained because defendant at the time it was commenced had possession under a tax deed which had become conclusive and is no longer open to question by any former owner of the property. (*Cone* v. *Lauer*, 131

App. Div. 193; *Shea* v. *Campbell*, 71 Misc. Rep. 222; *Meigs* v. *Roberts*, 162 N. Y. 278; *Matter of McIntyre*, 124 App. Div. 66; *Kelly* v. *Austin*, 132 App. Div. 522; *Fulton* v. *Krull*, 200 N. Y. 105; *Halsted* v. *Silberstein*, 196 N. Y. 1; *Turner* v. *New York*, 168 U. S. 90; *Baer* v. *McCullough*, 176 N. Y. 97.) The assessment of the tax and the proceedings leading up to and including the tax sale, upon which defendant's title was founded, were regular and showed a full compliance with all the provisions of law in force at the time. (L. 1896, ch. 908, § 29; *Cone* v. *Lauer*, 131 App. Div. 193; *People ex rel. Sweet* v. *Blake*, 72 Misc. Rep. 646; *People ex rel. Hutchinson* v. *O'Brien*, 53 Hun, 580; *People ex rel. B., R. & P. Ry. Co.* v. *Carmichael*, 64 Misc. Rep. 271; *Fahys* v. *Vaughn*, 68 Misc. Rep. 541; *Hennepin Improvement Co.* v. *Schuster*, 66 Misc. Rep. 634; *Sanders* v. *Downes*, 141 N. Y. 422.) The General Tax Law supersedes the local act. (*Lewis* v. *City of Newark*, 74 N. J. L. 308; *Haynes* v. *Cape May*, 52 N. J. L. 182; *Roche* v. *Jersey City*, 11 Vroom, 257; *Bracker* v. *Smith*, 12 Stewart Eq. 169; *Matter of Huntington*, 168 N. Y. 399.)

*H. E. J. MacDermott* and *I. R. Oeland* for respondents. The alleged assessment, if it affects the property herein, was a nullity. The county treasurer's deed was void and conveyed nothing. The so-called assessment was not made in a separate part of the assessment roll as required by law, and the description in the assessment and county treasurer's deed was void for uncertainty. (*Schreiber* v. *I. R. R. Co.*, 127 App. Div. 286; *Sanders* v. *Downs*, 141 N. Y. 422; *People ex rel. Nat. Bank* v. *Metz*, 141 App. Div. 600; *Sanders* v. *Saxton*, 89 App. Div. 421; *Cromwell* v. *McLean*, 123 N. Y. 474; *Bryan* v. *McGurk*, 200 N. Y. 332; *Tolman* v. *White*, 2 N. Y. 66; *Stout* v. *Master*, 139 U. S. 151; *Hill* v. *Mowry*, 6 Gray, 551; *Matter of N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342.) The Statute of Limitations pleaded by defendant

cannot give title to property obtained by reason of a void assessment and deed. (*Hone* v. *Wolsey*, 2 Edw. Ch. 289; *Bryan* v. *McGurk*, 200 N. Y. 332; *Wallace* v. *I. P. Co.*, 53 App. Div. 41; *Marx* v. *Hawthorne*, 148 U. S. 410.)

CARDOZO, J. The action is brought to recover possession of land in Suffolk county. The defendant claims title by reason of a sale for taxes. The conveyance by the county treasurer pursuant to that sale was made in November, 1904, and recorded in January, 1905. The plaintiffs had no knowledge of the sale till about October, 1909. Indeed, the finding is that in November, 1906, they asked the county treasurer to search for any taxes or tax sales affecting their land, and received an official certificate that no such sale had been made. When at last they learned the truth they contested the validity of the sale on two grounds: *First*, that the assessment roll for the land of non-residents should have been kept separate from that for the land of residents (*Schreiber* v. *Long Island R. R. Co.*, 127 App. Div. 286), and, *second*, that the description both in the assessment roll and in the tax deed was so indefinite as to give no notice to the owners that their land had been assessed or sold. (*People ex rel. Nat. Park Bank* v. *Metz*, 141 App. Div. 600, 609.) In October, 1910, more than five years after the record of the county treasurer's deed, this action was begun.

The defendant meets this attack upon the tax title by invoking the protection of section 132 of the General Tax Law. (L. 1896, ch. 908.) That section declares in substance that such a conveyance, after being recorded for two years, shall be conclusive evidence of the regularity of the sale and of the proceedings prior thereto from and including the assessment of the lands. It provides, however, that the sale and conveyance shall still be subject to cancellation " by reason of the payment of such taxes,

or by reason of the levying of such taxes by a town or ward having no legal right to assess the land on which they are laid, or by reason of any defect in the proceedings affecting the jurisdiction upon constitutional grounds," if an action for appropriate relief is brought within five years after the period allowed by law for redemption. The defendant's position is that this statute is applicable to tax sales in Suffolk county, and that it forecloses inquiry in respect of the validity of this conveyance. The plaintiffs, however, contend, and the court below has held, that an earlier statute applicable to Suffolk county only (L. 1873, ch. 620, sec. 9, as amended by L. 1875, ch. 80) makes a conveyance by the county treasurer presumptive and not conclusive evidence, and that this statute, being a special and local one, has survived the enactment of the General Tax Law, which did not expressly repeal it.

The subject is one which has occasioned contradictory decisions. In *Bennett* v. *Kovarick* (23 Misc. Rep. 73; 44 App. Div. 629) and in *Welstead* v. *Jennings* (104 App. Div. 179, affirmed in this court without opinion, 185 N. Y. 588) the view was expressed that the General Tax Law left the Suffolk County Tax Law in force. The facts in *Welstead* v. *Jennings* would probably have sustained the judgment on different grounds. On the other hand, in *Cone* v. *Lauer* (131 App. Div. 193) it was held that the Suffolk County Tax Law had been repealed by implication; and recently in *Carroll* v. *McArdle* (157 App. Div. 404) the ruling in *Cone* v. *Lauer* was followed, and *Welstead* v. *Jennings* was criticised and limited.

We think that the true view is that the General Tax Law supplies the final and exclusive rule. In many cases decided by this court, both before the decision in *Welstead* v. *Jennings* and afterwards, the supremacy of that statute over the local acts that preceded it has been consistently upheld. It has been declared to be "a codifying act, designed to reduce all statutes relating to taxation

into a complete and harmonious system," and "to exhaust the subject to which it relates." (*Pratt Institute* v. *City of N. Y.*, 183 N. Y. 151; *People ex rel. Roosevelt Hospital* v. *Raymond*, 194 N. Y. 189, 197.) It has accordingly been held to override earlier statutes relating to taxation, even though the laws thus displaced were not enumerated "in the schedule of one hundred and fifty-three acts and parts of acts expressly repealed." (*Matter of Huntington*, 168 N. Y. 399; *Pratt Institute* v. *City of New York, supra*.) In a later case (*Matter of Troy Press Co.*, 187 N. Y. 279) the court dealt with a conflict between a provision of the General Tax Law governing the publication of notices of sale (L. 1896, ch. 908, §§ 130, 151) and a provision of a local law regulating advertisements in the county of Rensselaer (L. 1892, ch. 512). It was again held that the earlier law had been repealed by implication. The conclusion was that the provisions of the General Tax Law establish "a complete and harmonious system of taxation and procedure," and that they "irresistibly lead to the inference that the legislature intended that they should become a substitute in place of the local previously existing statutes." The act regulating taxation in Suffolk county contains provisions for the publication of notices similar to those which in *Matter of Troy Press Co.* were held to have been repealed by implication. It is not possible that the legislature intended to repeal by implication part of the act, and to let other parts of it stand. The ruling in *Matter of Troy Press Co.* has been applied by the Appellate Division to tax laws in other counties. (*Matter of McIntyre*, 124 App. Div. 66; *Kelly* v. *Austin*, 132 App. Div. 522.) We think it is the ruling that controls the case at hand.

Reference is made by plaintiff's counsel to recent opinions of this court as supporting a contrary view. When read in the light of the questions then up for decision, they are not inconsistent. One of the cases is *Fulton*

27

v. *Krull* (200 N. Y. 105). There the provisions of the charter of the city of Niagara Falls governing assessments in that city were held to have survived the enactment of the General Tax Law. The ruling was based upon the ground that the charter established a complete scheme for taxation of property from the assessment to the sale, and that a local system, consistent in all its parts, constituting a special code for the city affected by it, ought not to be held repealed by implication through a statute of general application. Again, in *Grimmer* v. *Tenement House Dept.* (204 N. Y. 370, 378) the Building Code of the city of New York was held not to have been repealed by the Tenement House Act (L. 1901, ch. 334), but there also, the earlier statute embodied a comprehensive code, designed to establish a separate system for the area affected by it.

We think that all these decisions are consistent with principle and with one another. It is the law, declared on many occasions by this court, that a repeal by implication is not favored, and that it will be upheld only where the repugnancy is plain and unavoidable. (*Grimmer* v. *Tenement House Dept., supra; Davis* v. *Supreme Lodge,* 165 N. Y. 159; *People ex rel. Fleming* v. *Dalton,* 158 N. Y. 175.) It is also the law that a statute, applicable to a particular class of cases, is not repealed by a general statute, broad enough in terms to embrace the cases covered by the special law, unless the intent to work a repeal is manifest. (*Grimmer* v. *Tenement House Dept., supra; City of New York* v. *Trustees Sailors' Snug Harbor,* 85 App. Div. 355; 180 N. Y. 527.) Such an intent, however, must commonly be held to be manifest where the later statute is intended as a revision or codification of earlier enactments. (*Pratt Institute* v. *City of N. Y., supra,* and cases there cited; *Matter of Troy Press Co., supra; Matter of N. Y. Institution,* 121 N. Y. 234; *People* v. *Jaehne,* 103 N. Y. 182, 194; *City of Buffalo* v. *Lewis,* 192 N. Y. 193, 200.) In such

cases the very purpose of the later legislation is to substitute uniformity for diversity. This fundamental purpose will be upheld, even though the earlier statutes are not mentioned in the schedule of laws repealed. When we trace the course of legislation following the enactment of the Suffolk County Tax Law as sketched in *Welstead* v. *Jennings* (*supra*) we have little occasion for surprise that the legislature omitted to unearth that statute from the mass of later legislation which buried and concealed it. The very purpose of the Tax Law was to supplant the earlier statutes which had become so numerous and confusing that they could with difficulty be collated. To this end it declared a comprehensive system, superseding the scattered and fragmentary laws that preceded it. We think it important that this view of its operation be maintained. No doubt, it is necessary in any case to consider the scope and purpose of an earlier enactment involving the subject of taxation before we can determine whether the General Tax Law was intended to supersede it. A charter of a city containing a complete code of taxation applicable to that locality, may remain in force where special laws, dealing with fragmentary parts of the subject of taxation, will give way. (*Fulton* v. *Krull, supra.*) The determining consideration must be whether on comparison of the subject-matter of the two statutes, the one is fairly to be regarded as a revision of the other. Applying this test, we hold that the act of 1873 (L. 1873, ch. 620) was repealed by the General Tax Law. In so far as *Welstead* v. *Jennings* (*supra*) is in conflict with this view, it is not to be followed. We do not base our conclusion on the ground that the act of 1873 was expressly repealed in 1910 (L. 1910, ch. 226), for the reason that whatever rights the defendant gained, were acquired before that time.

The subject of the repeal of the local law has been considered with this fullness in order to remove the uncertainty in which it has been enveloped. Assuming, however,

that the General Tax Law is in force in Suffolk county as elsewhere, the question remains, whether the conclusive presumption of regularity thereby created is applicable to the situation disclosed by this record. In our opinion it is not. The finding, unanimously affirmed, is that the description of the land, both in the assessment roll and in the county treasurer's deed, is so vague and indefinite that the property as there described is not capable of being identified as the land belonging to the plaintiffs. It was for this reason that the county treasurer, when requested in 1906 to search for tax sales, made return to the plaintiffs that no such sale had occurred. The record of such a deed gave the plaintiffs no warning that their land had been sold. It might as well have been a deed without any description whatever. The deed was void for uncertainty (*People ex rel. Buffalo B. P. Assn.* v. *Stilwell*, 190 N. Y. 284, 293), and no record could increase its efficacy. (*Wallace* v. *Int. Paper Co.*, 53 App. Div. 41.) Section 132 of the Tax Law was intended as a statute of limitations. (*Meigs* v. *Roberts*, 162 N. Y. 371.) To set the statute running there must be some notice to the landowner that his title is to be divested. It has been doubted "whether as to an owner in actual possession of land the record of a hostile conveyance in the clerk's office is sufficient to set a statute of limitations running against him so as to destroy his title." (*Meigs* v. *Roberts, supra,* at p. 379; *Bryan* v. *McGurk,* 200 N. Y. 333, 336.) For the purpose of this appeal, we may, however, assume without deciding that an owner whose possession is constructive only, is required "to keep track of any conveyance in the office of the clerk of the county where his land is situated in derogation of his title." (*Bryan* v. *McGurk, supra.*) Some notice, none the less, either through actual entry by the holder of the tax title, or through the record of a deed containing a suitable description of the land, is indisputably required to start the period of limitation. (*Bryan* v. *McGurk, supra; People* v. *Ladew,* 189 N. Y.

355; 190 N. Y. 543; *Ostrander* v. *Reis*, 206 N. Y. 448.) There was no hostile entry here. The purchaser at the tax sale did not occupy the land. There was no record of a sufficient deed. The conveyance by the county treasurer was so defective that its record left the owner no wiser than before. (*Bird* v. *Benlisa*, 142 U. S. 664; *Collier* v. *Goessling*, 160 Fed. Rep. 604.) Since the record of such a deed gave the plaintiffs no warning of the sale, their right to cancel the assessment was unaffected by the statute.

The judgment must, therefore, be affirmed, with costs.

HISCOCK, CUDDEBACK, HOGAN and MILLER, JJ., concur; WILLARD BARTLETT, Ch. J., and CHASE, J., concur in result.

Judgment affirmed.