SHEPARD v. KUSCH.

(Supreme Court, Special Term, Nassau County. December 31, 1914.)

1. TAXATION (§ 764*)—TAX DEEDS—VALIDITY—DEFECTIVE ASSESSMENT.
        Deeds given upon a sale of taxes assessed against a nonresident, without the value of each lot and the quantity therein being stated, as required by Laws 1896, c. 908, § 29, are void.
        [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1519–1522; Dec. Dig. § 764.*]

2. TAXATION (§ 805*)—TAX DEED—ACTIONS—LIMITATIONS.
        The record of a tax deed is sufficient notice to a nonresident owner of vacant and unfenced lots to start running against him the limitations

prescribed by Tax Law (Laws 1896, c. 908) §§ 131, 132, providing that a tax deed shall, after two years, be conclusive as to the regularity of the proceedings or the levy of the taxes and the sale of the property, and that actions to set aside such deeds for jurisdictional defects must be brought within five years.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1593–1597; Dec. Dig. § 805.*]

Action by one Shepard against one Kusch to determine adverse claims to land. Judgment for defendant.

Rehearing denied 151 N. Y. Supp. 438.

Simon & Weinstein, of Brooklyn (James A. Sheehan, of Brooklyn, of counsel), for plaintiff.

Lincoln B. Haskin, of Hempstead, for defendant.

CRANE, J. [1] The plaintiff was the owner of certain lands in Nassau county, which were assessed for taxes in 1898, 1899, and 1900. Subsequently they were sold by the county treasurer for the nonpayment of taxes, and deeds given to the defendant, which were recorded on the 23d day of October, 1905. In 1914 this action was brought under article 5, tit. 1, c. 14, of the Code of Civil Procedure, to determine defendant's claim to the lots; the plaintiff alleging that the tax sales were void. It is a fact that the lands were assessed as against a nonresident, and that the value of each lot and the quantity of land therein were not given, as required by section 29 of chapter 908 of Laws of 1896. Therefore, if this action had been commenced in time, the deeds of the county treasurer would have been set aside as void.

[2] But this action was not commenced in time, and the plaintiff is barred by the statute of limitations provided by sections 131 and 132 of the said law, and by the same numbered sections of chapter 62 of the Laws of 1909. The property is vacant property, without fence or other physical evidences of the possession or user of any one. The plaintiff has not paid any taxes since 1898, nor made any inquiry whatever regarding the property. He is presumed to know the Tax Law; that is, he is presumed to know that his real estate was being assessed in some form for taxes, and that it could be sold for nonpayment of taxes. Until recently he did not examine the records to ascertain whether the property had been sold for taxes. If he had made such an examination, he would have discovered the defendant's deed recorded in 1905. He has slept upon his rights until the value of the lots have so increased with time as to make them worth a lawsuit. Under these circumstances the defendant's recorded deeds constitute such notice as to the plaintiff to set running the statute of limitations. Bryan v. McGurk, 200 N. Y. 333, 93 N. E. 989; Peterson v. Martino, 210 N. Y. 412, 104 N. E. 916.

Judgment for defendant, with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes