EDWARD SAPHIR, Plaintiff, v. JOHN HERLIHY and Others, Defendants.

Supreme Court, Suffolk County, July 6, 1927.

Vendor and purchaser — action by vendor for specific performance — counterclaim for down payment and expense of examining title — marketable title — title derived through tax sale was defective.

The defendants have interposed a counterclaim in this action by a vendor to compel the specific performance of a land contract, in which they seek to recover back the down payment and the expense of examining title. The counterclaim is based on unmarketability of title in that a tax sale in the chain of title was invalid. A statement following the description that the property is the " same premises and title " as that conveyed by the county treasurer does not affect the right of the defendants to have a marketable title.

The title is not marketable. The property was assessed to " unknown owner " under a vague and indefinite description and no proper notice was given under section 132 of the Tax Law. The assessment roll was not filed within the time required under section 39 of the Tax Law; the certificate of completion thereof was not verified until one month after the roll should have been filed; the affidavit at the end of the assessment roll is defective; the notice of sale and the notice of redemption were both defective in failing to state the name of the owner, and the conveyance was defective under section 154 of the Tax Law.

The defendants are entitled to recover the down payment and the expense of examining title.

ACTION for specific performance of a contract for the sale of real estate.

*Epstein & Smith* [*Henry Epstein* of counsel], for the plaintiff.

*Weinberg & Weinberg* [*Reuben Weinberg* and *David J. Daly* of counsel], for the defendants.

FABER, J. The defendants counterclaim for down payment and the expense of examining title. The contract provides for a conveyance of the premises in fee simple absolute and free of all incumbrances. The fact that, following the description, are the words " being the same premises and title as were conveyed by Shepard M. Scudder, as treasurer of Suffolk county, to W. Raymond Fry," does

not in anywise change the contract relative to the character of the title intended to be conveyed. The question presented involves the validity of a tax sale by the county treasurer for unpaid taxes. The proof before me shows that the requirements of the statute relating to the tax sale in question were not met, as hereinafter pointed out, and hence the sale was illegal. The property was assessed to an " unknown owner " under a description that was so vague and indefinite as to give no notice to the owner that the land had been assessed or sold. The fact that deeds subsequent to the county treasurer's deed contained a more definite description does not cure the original error. The statute (Tax Law, § 132) as to the conclusiveness of a conveyance of tax title is a Statute of Limitations, and, pursuant to it, notice must be given to the owner before the time commences to run. (*Peterson* v. *Martino,* 210 N. Y. 412.) No proper notice was given in the instant case.

The assessment roll, or a certified copy thereof, was not filed in the office of the town clerk on or before September 15, 1913, pursuant to section 39 of the Tax Law (as amd. by Laws of 1926, chap. 286), but appears to have been filed on October 15, 1913, a month after the time to file the same had expired. The certificate of completion was not verified until October 15, 1913, as appears from the certificate affixed at the end of the assessment roll. The affidavit at the end of the assessment roll merely recites the posting of the notice and does not refer to the advertising. The sale was to satisfy the taxes of 1913, and did not cover the taxes for the year 1912 which were unpaid at the time. The notice of sale did not contain the name of an owner or occupant of the property, but, in place thereof, used the words " unknown owners." The notice of the redemption was defective because of the failure to give the names of the owner or owners or occupant or correctly describe the property, and it further stated that the property had been sold for unpaid taxes for the year 1914 and mentioned the assessment roll of 1914, whereas the sale was for non-payment of the 1913 taxes, as shown on the assessment roll for that year. The conveyance by the county treasurer failed to specify whose title or interest had been conveyed, as required by section 154 of the Tax Law (as amd. by Laws of 1920, chap. 178). The conveyance to W. R. Fry was without authority, as the resolution of the board of supervisors was too broad to include a sale to Fry and was not a compliance with section 154 of the Tax Law, as amended by the Laws of 1920, chapter 178. . The court cannot in this case determine the rights of the former owner, who is not a party to this suit. Any finding here would not affect the rights of such owner. The tax sale of 1915, under which the property in question .was sold, having been

defectively conducted, the plaintiff, vendor, cannot convey a good and marketable title, and has not acquired such title by reason of sections 131 and 132 of the Tax Law. (*Peterson* v. *Martino, supra.*) Specific performance will not be decreed unless the title offered by plaintiff is unquestionable and free from reasonable doubt and from the hazard of claim by third persons and which could be held free from possible litigation and sold in the usual course of business. (*Blanck* v. *Sadlier,* 153 N. Y. 551, 556; *Brokaw* v. *Duffy,* 165 id. 391, 399; *Cerf* v. *Diener,* 210 id. 156; *Chesebro* v. *Moers,* 233 id. 75.)

For the reasons stated, I conclude that the defendants are entitled to judgment dismissing the complaint, and to judgment on their counterclaim for $1,800 down payment, with interest from August 31, 1926, together with $300 expense incurred in connection with the examination of the title. The $300 is sufficient to cover the same. Submit findings and judgment.