THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBANY COUNTY SAVINGS BANK, Relator, *v.* RICHARD J. LEWIS, Commissioner of Assessment and Taxation and Head of the Department of Assessment and Taxation of the City of Albany, and Others, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM L. VISSCHER and Another, Relators, *v.* RICHARD J. LEWIS, Commissioner of Assessment and Taxation, and Head of the Department of Assessment and Taxation of the City of Albany, and Others, Respondents.*

Supreme Court, Albany County, January 18, 1929.

* Revd., 226 App. Div. 182.

*E. W. & E. E. Rankin* [*John J. McManus* of counsel], for the relators.

*George A. Reilly,* for the respondents.

RUSSELL, J.   This is a motion for an order to quash and vacate writs of certiorari.   Although the notice of motion has reference to only one proceeding, nevertheless, upon stipulation of counsel, another proceeding was submitted under this notice of motion.

The principal question for determination is, when does the time begin to run on the limitation of time to apply for a review.   The relators' petitions were verified on the seventh day of December and the writs issued on the same day.   The respondent claims that said writs were granted after the limitation of time to apply for a review.

The assessment of property in the city of Albany is regulated by special legislation.   The special statute of 1850 (Chap. 86) regulates the taxation of property in the city of Albany and establishes a complete scheme for the taxation of property from the first step of assessment to the point of sale for non-payment.   Chapter 86 of the Laws of 1850 was subsequently amended in part by chapter 513 of the Laws of 1883, which also is a special act relating to the scheme for taxation of property in the city of Albany. By the act of 1850 (Chap. 86) the completed assessment rolls are opened for examination to the taxpayers of the city of Albany for twenty days.   The People are notified by public notices from the first day of the opening for twenty days, which notices are published in three newspapers.   After said twenty days, the assessors designate five days for which to hear grievances.

Under the act of 1883, the completed assessment rolls are then verified.   The verified, completed assessment rolls are again opened for public inspection and examination from the third Thurs-

day in November to the fourth Thursday in November. A fifteen days' prior notice of said opening is given by publication in three newspapers of said city. The evident purpose of the opening of said books for public inspection and examination during this week of November is to enable aggrieved taxpayers to see what the assessors have done with their grievances which were heard in the week of September. Section 2 of chapter 513 of the Laws of 1883 requires that the completed and verified assessment rolls of the city of Albany shall be delivered by said assessors to the clerk of the board of supervisors on or before the first day of December each year. The special acts relating to assessment of property in Albany have not been repealed, either expressly or by implication by the Consolidated Laws.

Nowhere in the special acts relating to the city of Albany which provides for a complete scheme for taxation of property do we find any provision for a review by writ of certiorari. The only provision for review by certiorari is found in the Tax Law, section 291 of which provides that a petition for a writ of certiorari must be presented " within fifteen days after the completion and filing of the assessment-roll and the first posting or publication of the notice thereof as required by this chapter." The words " as required by this chapter " have reference to the general scheme for taxation under the Tax Law. Under the Tax Law the books are opened on or before the first day of September. The fifteen days' notice for examination and inspection starts to run on the day on which the assessment rolls are filed and opened for public inspection.

The limitation of time for public inspection and examination under the special acts relating to Albany is inconsistent with the limitation of time under the Tax Law. Under the act relating to Albany the fifteen days' notice has been completed when the assessment rolls are opened for public inspection and examination. Under the Tax Law the time for public examination and inspection ceases with the completion of the notice. Under the special act relating to Albany the verified, completed assessment rolls are opened for a week only and that week is after the notice of publication has ceased to run. The purpose of the General Tax Law was to establish "A complete and harmonious system of taxation and procedure." (*Peterson* v. *Martino*, 210 N. Y. 412, 417.)

From an examination of the authorities, the Consolidated Laws and special laws relating to the city of Albany, it seems that the intent and spirit of these laws are to blend into a systematic whole these laws and to provide the taxpayer a fifteen-day period within which to apply for a review from the first day on which the com-

pleted and verified assessment rolls are opened for public inspection and examination and not to commit the taxpayer to the procedure which existed under the common law or to that which exists under the Civil Practice Act. It would not be just to a taxpayer of Albany to require him to apply for a writ of certiorari within the fifteen days' notice under the special act of 1883 because the books are not as yet opened for public examination and inspection. But to require him to apply for a writ from the first day of the opening, namely, the third Thursday in November, would be in harmony with the system as provided by the General Tax Law.

One might be misled by the word "filing." Filing under the General Tax Law, as stated in section 291 of said law, is the day on which the books are opened for inspection. Filing under the special act of 1883 relating to assessment of property in the city of Albany means the delivery or surrender of the assessment rolls to the clerk of the board of supervisors. Therefore, in view of such inconsistency it would neither be correct nor equitable to figure the filing day as required by the special acts relating to the city of Albany as the beginning of the limitation of time to apply for a review in order to harmonize the special acts with the General Tax Law. Inasmuch as the special acts relating to Albany fail to provide a procedure for a review, I think in order to harmonize the procedure under the General Tax Law with the scheme of assessment of property under the special acts relating to the city of Albany, it is only fair to require that the fifteen-day period within which to apply for a writ of certiorari should begin to run from the first day on which the verified and completed assessment rolls are opened for public examination and inspection, which is the third Thursday in November.

Motion in both proceedings granted, with costs for the reasons herein stated.

Submit orders.