In the Matter of the Application of JOHN J. BENNETT, JR., as Attorney-General of the State of New York, Petitioner, for an Order, under Article 78 of the Civil Practice Act, Directed to Hon. EDWARD KAMPF, Police Justice of the Police Court of the City of Albany, and MINA FOLK and Others, Respondents.*

(Three Proceedings.)

Supreme Court, Extraordinary Special and Trial Term, Albany County, December 28, 1938.

*John J. Bennett, Jr., Attorney-General [John R. O'Hanlon, Assistant Attorney-General, of counsel], for the petitioner.*

*Joseph J. Casey [Robert E. Whalen of counsel], for the respondent Kampf.*

*George W. Foy,* for the respondents Folk and others.

* See, also, *People ex rel. Folk* v. *McNulty* (256 App. Div. 82; 279 N. Y. 563).

MacCrate, J. Motions granted.

It is the contention of these respondents that the police justice of the city of Albany has exclusive jurisdiction to try misdemeanors arising in the city, even though such misdemeanors are violations of the provisions of the Penal Law governing elections, and the Governor has designated, at the request of the Attorney-General, under section 67 of the Executive Law, an Extraordinary Term of the Supreme Court to inquire into alleged violations of the Election Law and Penal Law provisions relating to elections. They rely on section 183 of the Second Class Cities Law.

One of these respondents has been indicted for a misdemeanor by the grand jury summoned for the Extraordinary Term of the Supreme Court. Shortly after arraignment on such indictment a writ of habeas corpus was obtained and the writ sustained and the respondent discharged, on the theory that there was no jurisdiction to indict. The present motions to stay the respondent police justice were pending and undecided at the time that respondent was arraigned. The parties were allowed further time to submit additional memoranda if they chose.

We cannot adopt the reasoning that has led to the discharge of one of the respondents. No authority is cited wherein there was a situation such as is presented here. The provisions of the Code of Criminal Procedure and the Second Class Cities Law deal with the ordinary normal prosecution of crime. Section 67 of the Executive Law specifically covers all violations of the Penal Law governing elections when there has been a neglect in the ordinary administration of law. Normally, local courts of justice are allowed to prosecute misdemeanors in the first instance. Section 22 of the Code of Criminal Procedure fixes the time when the jurisdiction of the Supreme Court shall under ordinary circumstances take hold, but there is nothing in the Code of Criminal Procedure or in the Second Class Cities Law which denies to the Legislature the right to take care of unusual situations. Section 67 of the Executive Law realistically recognizes that human beings in public office may slip as did the first supervisors in the Garden of Eden. Indeed, one has but to glance at the misdemeanor provisions of the Penal Law governing elections (§§ 750 et seq.) to see that the Legislature, in enacting section 67 of the Executive Law, had in mind not only the average citizen but the public official. In a peculiar sense, violations of the Election Law and penal provisions governing elections injure the whole people of the State. We cannot subscribe to the view that by passing a general act dealing with a particular class of cities it was intended to whittle down the original purpose of the Legislature when section 67 of the Executive Law was

written. We had assumed " It is the law, declared on many occasions by this court [the Court of Appeals], that a repeal by implication is not favored, and that it will be upheld only where the repugnancy is plain and unavoidable. * * * It is also the law that a statute, applicable to a particular class of cases, is not repealed by a general statute, broad enough in terms to embrace the cases covered by the special law, unless the intent to work a repeal is manifest. * * * The determining consideration must be whether on comparison of the subject-matter of the two statutes, the one is fairly to be regarded as a revision of the other." (*Peterson* v. *Martino*, 210 N. Y. 412, 418, 419.) However, it would seem sensible for the present grand jury to investigate the felony charges alone until the Attorney-General has prosecuted an appeal from the order sustaining the writ.

We have considered the motions here as seeking a transfer of the cases as well as a prohibition of the justice of the Police Court.