Paul J. Kelly, J.
This is an application by defendant, Claire McAlpin, to inspect Grand Jury minutes or in the alternative to dismiss the indictment. Defendant was indicted on the 23rd day of March, 1966, for the crime of having artificially and criminally by the use of an instrument (a hairpin) induced an abortion upon her own person (Penal Law § 81).
The thrust of defendant’s argument is that the evidence which was offered before the Grand Jury by testimony of defendant’s physician, was acquired by such physician in the course of examination and treatment and as such constituted a privileged communication which is inadmissible before the Grand Jury. It is now well settled that the claim of privilege between patient and physician may be exerted to exclude the revelation of a confidential communication before the Grand Jury to the same extent that the objection may be raised upon the trial (People v. Eckert, 2 N Y 2d 126; Code Crim. Pro., § 392; CPLR 4504).
Our review of those proceedings clearly indicates to this court that any information obtained by the testifying physician was secured as a result of and in furtherance of the examination and treatment of defendant. It therefore would appear that, in absence of some permissive authority, the testimony of the examining physician should be excluded.
To this end, the District Attorney relies upon subdivision 4 of section 1902 of the Penal Law which requires attending physicians to report to police authorities “Every case of a bullet wound, gunshot wound, powder burn or any other injury arising from or caused by the discharge of a gun or firearm, and every case of a wound which is likely to or may result in death and is actually or apparently inflicted by a knife, icepick or other sharp or pointed instrument ”.
We are then faced with the determination of whether this provision suspends the general statutory prohibition contained in CPLR 4504 to the extent of authorizing a physician to reveal otherwise privileged facts in this case. This appears to this, court to be a matter of first impression.
*581 In a 1955 decision rendered by the Appellate Division, Justice Beldock speaking for the court, an appeal from County Court, Kings County, was affirmed. The specifics of that case, Matter of Grand Jury of County of Kings (286 App. Div. 270), dealt with the Sanitary Code of the City of New York with respect to abortions, and specifically section 90 thereof, which directed the superintendent of any hospital, and every physician in the City of New York to immediately notify the Department of Health of City of New York, of any case of abortion or miscarriage where criminal practice is discovered or suspected. In the aid of a Grand Jury investigation dealing with illegal abortions, the District Attorney caused a subpoena to be served upon the superintendent of the Kings County Hospital, which in effect, directed him to deliver all papers, folders, charts and hospital records of any person treated in the hospital for abortion and miscarriage. The superintendent of the hospital objected and refused to honor the subpoena on the grounds that the Legislature of the State of New York had passed legislation prohibiting a doctor from disclosing “ any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity”. (Civ. Prac. Act, § 352, [now CPLR 4504].) Justice Beldock in speaking for the court stated as follows (pp. 273-274):
" The statutory prohibitions governing the relation of doctor and patient or attorney and client ‘ express a long-standing public policy to encourage uninhibited communication between persons standing in a relation of confidence and trust ’, and in the courts’ effectuation of such policy ‘ the statutes are accorded a broad and liberal construction ’ and the privileged communications are zealously guarded ’. (People v. Shapiro, 308 N. Y. 453, 458; see, also, Steinberg v. New York Life Ins. Co. [263 N. Y. 45].)
“However, despite the sacrosanct nature of the statutory prohibition, the Legislature having created it may direct or authorise its toaiver or suspension, in whole or in part, under circumstances and conditions prescribed by it, and, from time to time, it has elected so to do (cf. Civ. Prac. Act, § 354; L. 1905, ch. 331, amending Code of Civ. Pro., § 834, now Civ. Prac. Act, § 352 * * * italics added).
“It will be noted that, in contrast to the statutory prohibition which is liberally construed in favor of the prohibition, the waiver or suspension statute has been strictly construed and confined to the specific exception created by it. * * *
*582 “ The issue on this appeal thus resolves into a question of whether the special statute, in the form of section 90 of the Sanitary Code, operates to annul the general statutory prohibition so as to permit the use of all the hospital records in all abortion cases. In my opinion it does not. * * *
“ It is well settled that a repeal by implication is not favored, * * * that it will be upheld only where the repugnancy is plain and unavoidable ’; and that the courts will strain to avoid it. * (Paterson v. Martino, 210 N. Y. 412, 418.)
With this guidepost in mind, we have examined subdivision 4 of section 1902 of the Penal Law and it appears evident that it was never intended nor by any reasonable construction could we find it applicable to the facts set forth in indictment under consideration. Subdivision 4 of section 1902 appears in article 172 (Public Safety) of the Penal Law and is coupled with those sections which deal with the possession and control of firearms and other dangerous weapons. It further appears clear from the legislative notes to chapter 136 of the Laws of 1963 and the memorandum of the Joint Legislative Committee on Firearms and Ammunition (N. Y. Legis. Annual, 1963, pp. 64-67) who had recommended the recompiling of the laws dealing with dangerous weapons that the collation under section 1902 on the forwarding of information was directed toward the victims of the criminal use of that class of weapons sought to be controlled.
Accordingly, we do not find that a hairpin used in a self-induced nontherapeutic abortion is such a weapon as a “ knife, icepick or other sharp or pointed instrument ” within the purview of section 1902 and as such would not suspend the privilege extended by CPLR 4504.
To do otherwise would be a tenuous or tortuous reasoning in the interpretation of section 1902.
This court has examined the proceedings before the Grand Jury and is satisfied that in absence of the physician’s testimony, the remaining portion of the presentment would be insufficient to sustain the indictment. It is therefore ordered that the motion of defendant to dismiss the indictment No. 22353 is granted.